UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARC MITCHELL SUSSELMAN and
MARTIN H. LEAF,                                       No. 25-10660

     Plaintiffs,                                  HON. SHALINA D. KUMAR

v                                                    MAGISTRATE JUDGE
                                                     ELIZABETH A. STAFFORD

MICHIGAN ATTORNEY GRIEVANCE
COMMISSION, et al

     Defendants.

_____/

## DEFENDANTS' MOTION TO DISMISS

NOW COME Defendants' Michigan Attorney Grievance Commission,

Commissioners of the Michigan Attorney Grievance Commission[1] and Michael

Goetz and states in support of their motion to dismiss:

1.     "The Attorney Grievance Commission is the prosecution arm of the

Michigan Supreme Court" charged with "supervising the investigation of attorney

_____

[1] When e-filing, Plaintiffs designated only the Commission and Mr. Goetz as
Defendants and requested relief only from the Commission.  Individual
commissioners are not named in the caption and are mentioned in the "Parties"
section of the Complaint; some Commissioners were incorrectly identified.  *See*
Fed. R. Civ. Pro. 10(a).  So, this motion focuses on the Commission and Mr.
Goetz, but Defendants expressly state that they are requesting this case be
dismissed in full.  Unless circumstances require differentiation, the Defendants will
be collectively referred to as "AGC".

misconduct, including requests for investigation and complaints against attorneys".
Mich. Ct. R. 9.108 (A) and (E)(2) (cleaned up).

2.      Mr. Goetz is the Grievance Administrator appointed by the Michigan
Supreme Court and is charged with investigating alleged misconduct of attorneys.
Mich. Ct. R. 9.109 (B)(5).

3.      Plaintiffs have filed a Complaint with a total of five (5) counts of
constitutional violations, based on the First and Fourteenth Amendments of the
U.S. Constitution pursuant to 42 U.S.C. § 1983, requesting declaratory and
injunctive relief against the Defendants.  (ECF No. 1.)

4.      However, Plaintiffs' claims against all Defendants are barred by
immunity under the Eleventh Amendment.

5.      While Plaintiffs attempt to avoid the Defendants' immunity by citing
to *Ex Parte Young*, their request for declaratory and injunctive relief is solely
against the AGC, and not against any individual defendants. (ECF No. 1, PageID.
58-59, 60, 63, 65, and 67).  See *Ex Parte Young,* 209 U.S. 123 (1908).

6.      For example, Plaintiffs requested the following relief based on
Count I of their Complaint:

> **WHEREFORE,** Mr. Susselman requests that the Court enter a
> declaratory judgment that *the Commission* has violated Mr.
> Susselman's right of freedom of speech under the First Amendment
> by requiring him to respond to Ms. Kinnucan's Request for
> Investigation and issue an injunction *precluding the Commission* from

2

proceeding with disciplinary action against Mr. Susselman based on
Ms. Kinnucan's Request.

(ECF No. 1, PageID. 58-59) (emphasis added).

7.      However, even if Plaintiffs were to amend their complaint to comport

with *Ex Parte Young*, any such amendment would be futile because this Court

lacks jurisdiction over this matter under the *Younger* abstention doctrine.[2]

*Younger v. Harris,* 401 U.S. 37 (1971).

8.      Plaintiffs' claims are barred under the *Younger* abstention doctrine

because their requested relief would interfere with ongoing state disciplinary

proceedings that are judicial in nature, implicate important state interests and

provide an adequate opportunity to raise constitutional challenges.  *Id.*

9.      Plaintiffs' claims are also barred by the *Rooker-Feldman* and

collateral bar doctrines insofar as the complaint seeks to have this Court review the

determinations and orders of state courts or other federal courts.

10.      Plaintiffs also fail to state a claim upon which relief can be granted.

11.      Plaintiffs have not identified any relief sought from any individual

Defendant, include Mr. Goetz.  Fed. R. Civ. Pro. 8(a)(3).

---

[2] Pursuant to Mich. Ct. R. 9.126, while Plaintiffs have stated that they have
complaints pending against them, their public statements do not allow Defendants
to confirm or deny whether there are pending matters against Plaintiffs as
"investigations are privileged from disclosure, confidential and may not be made
public." Mich. Ct. R. 9.126(A).

12.    Plaintiffs have not identified any legal basis for a constitutional violation arising from the AGC's mere investigation of any alleged complaint.

13.    In fact, the Michigan Court Rules require the AGC to investigate whenever it receives notice that an attorney has been found to have filed a frivolous lawsuit.  Mich. Ct. R. 9.104; MRPC 3.1, 8.4.

14.    Recently, the State Bar of Michigan's Board of Commissioners publicly stated that:

> Efforts to undermine judicial independence—whether through threats to judicial security, calls for removal based on case outcomes, or actions that erode the public's trust in the courts—pose risks to the proper functioning of our justice system.[3]

15.    Here, the Plaintiffs are basing their constitutional claims on the same allegations of antisemitism that were rejected by the courts in the Plaintiffs' prior lawsuits.

16.    Plaintiffs cannot negate the attorney grievance process based solely on suspicion that a judge or complainant was antisemitic.  Allowing such a vehicle to circumvent an investigation would only provide incentive for lawyers to engage in incivility and erode the public's trust in the judiciary.

---

[3] https://www.michbar.org/News/NewsDetail/Statement-from-SBM-Leadership-on-Unprecedented-Threats-to-Rule-of-Law?nid=6113 (last accessed March 21, 2025).

17.    On April 11, 2025, counsel contacted Plaintiffs' counsel requesting concurrence with this motion and it was denied.

WHEREFORE, for the reasons outlined in the accompanying brief, pursuant to Fed. R. Civ. 12(b)(1) and (b)(6), Defendants respectfully request that this Honorable Court dismiss this action in its entirety.

Respectfully submitted,

*/s/Marla Linderman Richelew*
Marla Linderman Richelew
Assistant Attorney General
Attorney for Defendants
Michigan Department of
Attorney General
Civil Rights & Elections Division
3030 West Grand Blvd, 10th Floor
Detroit, MI 48202
(313) 456-0200
lindermanrichelewm@michigan.gov
P55759

Dated: April 22, 2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARC MITCHELL SUSSELMAN and
MARTIN H. LEAF                                No. 25-10660

     Plaintiffs,                          HON. SHALINA D. KUMAR

v                                            MAGISTRATE JUDGE
                                             ELIZABETH A. STAFFORD
MICHIGAN ATTORNEY GRIEVANCE
COMMISSION, et al.

     Defendants.

_____

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS**

Marla Linderman-Richelew
Assistant Attorney General
Attorney for Defendants
Michigan Department of Attorney
General
Civil Rights & Elections Division
3030 West Grand Blvd, 10th Floor
Detroit, MI 48202
(313) 456-0200
lindermanrichelewm@michigan.gov
P55759

Dated:  April 22, 2025

# TABLE OF CONTENTS

Page

Table of Contents ................................................................................. i

Index of Authorities ........................................................................... iii

Concise Statement of Issues Presented ................................................ vi

Controlling or Most Appropriate Authority ........................................ vii

Introduction ......................................................................................... 1

Statement of Material Facts ................................................................. 2

    The Michigan Supreme Court has constitutional and statutory authority to govern attorney conduct. ................................................ 2

    The attorney grievance process is open to the public. ...................... 3

    Both Plaintiffs admit that Courts have ruled they filed frivolous lawsuits. ............................................................................................ 5

Argument ............................................................................................. 8

I.    Summary judgment standards. ...................................................... 8

    A.    Fed. R. Civ. P. 12(b)(1) ........................................................ 8

    B.    Fed. R. Civ. P. 12(b)(6) ........................................................ 8

II.    Plaintiffs' Complaint must be dismissed under Fed. R. Civ. Proc. 12(b)(1) because this Court lacks subject matter jurisdiction. ......... 9

    A.    The Eleventh Amendment bars all of Plaintiffs' claims. ...... 9

    B.    Plaintiffs cannot rely on the *Ex Parte Young* exception. .... 10

III.    The *Younger* abstention doctrine deprives this Court of jurisdiction ........... 12

    A.    Plaintiffs' admissions deprive this Court of jurisdiction. ... 14

IV.    The *Rooker-Feldman* doctrine and the collateral bar rule estop Plaintiffs' attempts to vindicate their claims of judicial antisemitism. ......... 16

i

V.      Plaintiffs' Complaint fails to state viable legal claims and so it must
        be dismissed. ................................................................................ 19

        A.      Plaintiffs' Complaint Contains Significant Procedural
                Deficiencies. ......................................................................... 19

        B.      Plaintiffs Cannot Satisfy the Required § 1983 Elements to
                Succeed on Their Claims. ..................................................... 20

        C.      Plaintiffs' First Amendment Claims Fail. .......................... 20

        D.      Plaintiffs' Equal Protection Claims Fail. ............................ 22

        E.      Plaintiff Leaf's Due Process Claims Fail. ......................... 23

Conclusion and Relief Requested ......................................................... 25

Certificate of Service ........................................................................... 26

# INDEX OF AUTHORITIES

Page

**Cases**

*Abick v. Michigan*, 803 F.2d 874 (6th Cir. 1986) ...................................................10

*Albright v. Oliver*, 510 U.S. 266 (1994) ................................................................20

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................20

*Bell Atlantic Corp v. Twombly*, 550 US 544 (2007).........................................8, 20

*Bell v. Hood*, 327 U.S. 678 1946) .............................................................................8

*Bloch v. Ribar*, 156 F.3d 673 (6th Cir. 1998) .........................................................20

*Butcher v. Mich. Supreme Court*, No. 07-14940, 2008 U.S. Dist. LEXIS
    39377 (2008)..........................................................................................................10

*Cory v. White*, 457 U.S. 85 (1982).........................................................................11

*Ctr. for Bio-Ethical Reform, Inc. v. Napolitano,*648 F.3d 365 (6th Cir. 2011).......22

*Daily Servs., LLC v. Valentino*, 756 F.3d 893 (6th Cir. 2014) ..............................23

*Doe v. Univ of Ky*, 860 F.3d 365 (6th Cir. 2017)...................................... 13, 14, 15

*Dubuc v. Mich Bd of Law Examiners*, 342 F.3d 610 (6th Cir. 2003).....................10

*Fieger v. Thomas*, 74 F.3d 740 (6th Cir. 1996) ............................................... passim

*Frost v. Nessel,* Case No. 24-1132 (6th Cir., decided Apr. 17, 2025)....................12

*Gerber v. Herskovitz*, ___F App'x___; 2023 U.S. App. LEXIS 4240 (6th
    Cir. 2023)................................................................................................................6

*Ginger v. Circuit Court for Co of Wayne*, 372 F.2d 621 (6th Cir. 1967)......... 10, 24

*HP Benson Ass'n v. Nike, Inc*., ___NW2d___; 2024 Mich. App. LEXIS
    9071 (Ct App, Nov. 13, 2024).............................................................................6, 7

*In re Ferranti*, 504 Mich 1 (2019) .........................................................................19

*In re Snyder*, 472 U.S. 634 (1985) .........................................................................25

*In re Squire*, 617 F.3d 461 (6th Cir. 2010) .................................................................24

*Kingsley v. Brundige*, 513 F App'x 492 (6th Cir. 2013) ..........................................8

*Lawrence v. Welch,* 531 F.3d 364 (6th Cir. 2008)....................................................19

*Leaf v. Nike Inc*, ___F Supp 3d___; 2020 U.S. Dist. LEXIS 259694 (ED
   Mich, Nov. 23, 2020) ..............................................................................................7

*Mezibov v. Allen*, 411 F.3d 712 (6th Cir. 2005)........................................ 20, 21, 22

*Middlesex County Ethics Committee v. Garden State Bar Association*, 457
   U.S. 423 (1982) ............................................................................................ passim

*Mikel v. Quin*, 58 F.4th 252 (6th Cir. 2023) .........................................................9, 10

*Nair v. Oakland County Community Mental Health Authority*, 443 F.3d 469
   (6th Cir. 2006) ..........................................................................................................8

*New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S.
   350 (1989)................................................................................................................13

*Paterek v. Vill. of Armada*, 801 F.3d 630 (6th Cir. 2015) .....................................22

*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984)..........................9

*PR Aqueduct & Sewer Auth v. Metcalf & Eddy, Inc*, 506 U.S. 139 (1993) ..... 11, 12

*Quern v. Jordan*, 440 U.S. 332 (1979) ..............................................................9, 11

*Sanders v. Mich Atty Discipline Bd*, ___F Supp 3d___; 2024 U.S. Dist.
   LEXIS 66231 (ED Mich, Feb. 21, 2024) ..............................................................10

*Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250 (6th Cir. 2006) ....... 22, 23

*Schlossberg v. State Bar Grievance Bd*, 388 Mich 389 (1972)................................2

*Seminole Tribe of Fla. v. Florida*, 517 U.S. 44 (1996).............................................9

*Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69 (2013)...................... 12, 13, 14

*Squire v. Coughlan*, 469 F3d 551 (6th Cir. 2006) .......................................... 13, 14

*Tonti v. Petropoulous*, 656 F.2d 212 (6th Cir. 1981) .............................................17

iv

*United States v. Ritchie*, 15 F.3d 592 (6th Cir. 1994)...............................................8

*Whitfield v. Tennessee*, 639 F.3d 253 (6th Cir. 2011) ...........................................11

*Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) .......................................9

*Willner v. Committee on Character and Fitness*, 373 U.S. 96 (1963) ...................24

*Younger v. Harris*, 401 U.S. 37 (1971)........................................................... 12, 14

**Statutes**

42 U.S.C. § 1983 ............................................................................... 9, 10, 20

Mich. Comp. Laws § 600.904...................................................................2

Mich. Comp. Laws § 600.910...................................................................2

**Rules**

Fed. R. Civ. P. 10(a)..............................................................................3, 19

Fed. R. Civ. P. 11(b)................................................................................23

Fed. R. Civ. P. 8(a)(3)..............................................................................19

Mich. Ct. R. 1.101....................................................................................2

Mich. Ct. R. 9.108(A)..............................................................................3

Mich. Ct. R. 9.108(E)(2)..........................................................................3

Mich. Ct. R. 9.109(B)(5)........................................................................3, 6

Mich. Ct. R. 9.112....................................................................................3

Mich. Ct. R. 9.112(C)(1).........................................................................3, 4

Mich. Ct. R. 9.126....................................................................................1

Mich. R. of Pro. Conduct 1.0 ...................................................................2

Mich. R. of Pro. Conduct 3.1 ............................................................ 2, 3, 5, 15

Mich. R. of Pro. Conduct 8.4 ...................................................................3

## CONCISE STATEMENT OF ISSUES PRESENTED

1.   Eleventh Amendment immunity bars Plaintiffs' claims against the Michigan
     Attorney Grievance Commission and state officials acting in their official
     capacity (collectively referred to as AGC).

2.   The *Ex Parte Young* exception to Eleventh Amendment immunity does not
     apply when:

     a.   Claims are directed against a state agency rather than named state
          officials; and/or

     b.   Plaintiffs seek declaratory relief regarding past state actions.

3.   The *Younger* abstention doctrine deprives this Court of jurisdiction over
     claims that would interfere with:

     a.   ongoing attorney disciplinary proceedings that involve important state
          interests and provide adequate opportunity to raise constitutional
          challenges; and/or

     b.   pending state court cases.

4.   The *Rooker-Feldman* and collateral bar doctrines bar Plaintiffs' attempt to
     relitigate in federal court matters previously decided against them by state
     and other federal courts, including determinations that their complaints were
     frivolous, and their allegations of judicial antisemitism were unfounded.

5.   The Plaintiffs failed to state claims upon which relief can be granted where:

     (a)  Attorneys have no personal First Amendment rights in court
          proceedings;

     (b)  Plaintiffs admit they lack evidence for equal protection violations; and

     (c)  Michigan's attorney grievance procedures satisfy due process
          requirements.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

_Constitution, Statutes, Court Rules and Rules of Professional Conduct_:

Mich. Const. art VI, § 5

Mich. Comp. Laws § 600.904

Mich. Comp. Laws § 600.910

Mich. Ct. R. 9.104

Mich. Ct. R. 9.109

Mich. Ct. R. 9.112

Mich. R. of Pro. Conduct 3.1

Mich. R. of Pro. Conduct 8.4

_Cases_

Eleventh Amendment Immunity

    _Pennhurst State Sch. & Hosp. v. Halderman_, 465 U.S. 89 (1984)

Ex Parte Young

    _PR Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc._, 506 U.S. 139 (1993)

Younger Abstention

    _Middlesex County Ethics Committee v. Garden State Bar Association_, 457 U.S. 423 (1982)

Rooker-Feldman/Collateral Bar

    _Lawrence v. Welch_, 531 F.3d 364, 368 (6th Cir. 2008)

    _Tonti v. Petropoulous_, 656 F.2d 212, 216 (6th Cir. 1981)

Failure to State a Claim

*Mezibov v. Allen*, 411 F.3d 712 (6th Cir. 2005)

*Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250 (6th Cir. 2006)

Underlying Cases

*Gerber v. Herskovitz*, F App'x; 2023 U.S. App. LEXIS 4240, at *3 (6th Cir. 2023)

*HP Benson Ass'n v. Nike, Inc*, 2024 Mich. App. LEXIS 9071 (Ct App, Nov. 13, 2024)

## INTRODUCTION

Plaintiffs Marc Susselman and Martin Leaf are attorneys allegedly[4] facing investigation by the Attorney Grievance Commission (AGC) after courts determined they filed frivolous lawsuits.  Both Plaintiffs previously made allegations of antisemitism on the part of the judges presiding over their respective cases, and these allegations were expressly rejected by the Sixth Circuit Court of Appeals and the Michigan Court of Appeals as baseless.  Plaintiffs, concerned they might be investigated by the AGC for filing frivolous lawsuits, are trying to short-circuit the attorney grievance process.  They ask this Court to pre-emptively declare that the AGC has targeted them because they are Jewish and is thus violating their First and Fourteenth Amendment rights.  They ask this Court to enjoin the AGC from investigating them.

Plaintiffs offer scant legal support for such extraordinary relief.  Regardless, Plaintiffs' claims fail pursuant to Eleventh Amendment immunity, *Younger* abstention, *Rooker-Feldman*, collateral bar and a failure to state claims where relief can be granted.

---

[4] Mich. Ct. R. 9.126 prohibits the AGC from confirming or denying whether an investigation is or is not happening.  As such, the Defendants will be relying on the Complaint's allegations, without agreeing to their truth, in support of their motion to dismiss and brief.

## STATEMENT OF MATERIAL FACTS

**The Michigan Supreme Court has constitutional and statutory authority to govern attorney conduct.**

The Michigan Constitution and state legislature have established clear authority for attorney regulation. The Michigan Constitution grants the Michigan Supreme Court power to establish rules governing attorney conduct and discipline (Art 6 § 5), which the Legislature has codified in Mich. Comp. Laws § 600.904 and § 600.910. Under these powers, the Court has promulgated the Michigan Court Rules and Rules of Professional Conduct, with Mich. Ct. R. 9.104 defining violations of the rules of professional conduct as misconduct and grounds for discipline, and Mich. R. of Pro. Conduct 3.1 specifically prohibiting attorneys from filing frivolous lawsuits. *See, e.g., Schlossberg v. State Bar Grievance Bd*, 388 Mich 389, 395 (1972).

**The Michigan Supreme Court has implemented comprehensive rules governing attorney conduct.**

Pursuant to these constitutional and statutory powers, the Michigan Supreme Court has promulgated and implemented the Michigan Court Rules and Michigan Rules of Professional Conduct. Mich. Ct. R. 1.101 *et seq*.; Mich. R. of Pro. Conduct 1.0, *et. seq*. Michigan Court Rule 9.104 states that "conduct that violates the standards or rules of professional conduct adopted by the Supreme Court" is "misconduct and grounds for discipline." Mich. Ct. R. 9.104(4); *See also* Mich. R.

2

of Pro. Conduct 8.4.  Michigan Rule of Professional Conduct 3.1 prohibits a lawyer from filing a frivolous lawsuit.

**The attorney grievance process is open to the public**.

The Michigan Supreme Court designated the Attorney Grievance Commission as its "prosecution arm" to supervise attorney misconduct investigations.  Mich. Ct. R. 9.108(A) and(E)(2).  As Grievance Administrator appointed by the Court, Michael Goetz must review all investigation requests to determine if grounds exist to investigate an attorney's conduct.  Mich. Ct. R. 9.109(B)(5), 9.112(C)(1)[5].  After review, the Administrator must either dismiss the request as "inadequate, incomplete or insufficient" or forward it to the named attorney for response.  Mich. Ct. R. 9.112(C)(1).

**Anyone can file a grievance against a Michigan attorney.**

The Michigan Supreme Court allows any member of the public to file a request for investigation, without limitation.  Mich. Ct. R. 9.112.  As with all requests for investigation, the Grievance Administrator must review requests for investigation from members of the public residing outside of Michigan.  *Id.*  Based

---

[5] Both the Attorney Grievance Commission and Mr. Goetz are referred to collectively as the "AGC," unless specification is necessary.  Plaintiffs did not name the individual commissioners as Defendants (or name the correct current commissioners) when filing with the Court or in compliance with Fed. R. Civ. P. 10(a) so they are not individually referred to in the brief.  Note, however, that dismissal in full is requested.

3

on this mandate, the AGC's website explains how to file a request for

investigation:

> Anyone may file a Request for Investigation against an attorney
> licensed by the State Bar of Michigan, or otherwise permitted by a
> court to practice in the state, by completing and signing the AGC's
> Request for Investigation form or by sending in a signed letter.[6]

**The Grievance Administrator must act on each grievance received.**

After review, the Grievance Administrator must either dismiss the

investigation because the request is "inadequate, incomplete or insufficient" or

send out the request to be answered by the attorney named in the request.  Mich.

Ct. R. 9.112(C)(1).  Plaintiffs claim the AGC has requested responses to

complaints filed by members of the public, but the AGC has not formally charged

them with any rule violations.  ECF No. 1 PageID.42-43, 45, 52.

**Plaintiffs' allegations about investigations against them**

In the Complaint's Preliminary Statement, Plaintiffs claim they must

respond to Requests for Investigations.  ECF No. 1 PageID.2.  The attached

Request for Investigations allege that Plaintiffs filed frivolous lawsuits, amongst

other potential rule violations.  ECF No. 1, PageID.98-105; 259-271.  Michigan

Court Rule 9.104 states that violating the Michigan rules of professional conduct

---

[6] https://www.agcmi.org/for-the-public/the-investigative-process (last accessed on
3/21/25).

4

constitutes grounds for discipline, while Mich. R. of Pro. Conduct 3.1 states filing a frivolous lawsuit violates the rules of professional conduct.  Mich. Ct. R. 3.1.

**Both Plaintiffs admit that Courts have ruled they filed frivolous lawsuits.**

Both Plaintiffs acknowledge that the courts presiding over their lawsuits have ruled that their cases were frivolous (ECF No. 1, PageID.27-28, 37) and that those rulings were upheld on appeal (ECF No. PageID.30, 43-44, 51-52). Susselman's frivolous filing determination became final when the United States Supreme Court denied his appeal and motion for rehearing.  ECF No. 1, PageID.36-39.  The circuit court determination that Leaf's filing was frivolous has been affirmed by the Michigan Court of Appeals, with an application for leave to appeal currently pending before the Michigan Supreme Court.  ECF No. 1, PageID.52.  Neither Plaintiff denies filing the lawsuits found by the courts to be frivolous.  While both Plaintiffs allege these findings stem from antisemitism, those claims have already been rejected by other courts.

Susselman alleges that the AGC has four investigations currently in progress.  ECF No. 1, PageID.43-44, fn. 3.  According to Susselman, three of the four investigations are not part of this litigation.  *Id.*  As alleged in the Complaint, it appears that two of those investigations concern financial impropriety.  The other two investigations appear to relate to the *Gerber* case, but Susselman is alleging

that only one of the two investigations violates his rights.  *Gerber v. Herskovitz*,

___F App'x___; 2023 U.S. App. LEXIS 4240 (6th Cir. 2023).  (Exhibit A).

Leaf alleges that Mr. Goetz initiated the AGC investigation through his

power to initiate investigations.  ECF No. 1, PageID.52; *See* Mich. Ct. R.

9.109(B)(5).  According to the Complaint, the investigation concerns the state *Nike*

case.  *HP Benson Ass'n v. Nike, Inc*., ___NW2d___; 2024 Mich. App. LEXIS 9071

(Ct App, Nov. 13, 2024) (Exhibit B).

**Susselman's *Gerber* lawsuit**

In Susselman's matter, the Sixth Circuit upheld the District Court's finding

that he filed a frivolous complaint, holding, "[e]ach claim plainly lacked one or

more elements required under settled precedent."  *Gerber* at *3. (Exhibit A).  The

court directly addressed and rejected Susselman's claims of judicial antisemitism,

finding his allegations were "grounded almost entirely in adverse rulings" which

rarely constitute valid bias claims.  *Id.* at 10-11.  The Sixth Circuit concluded

Susselman's bias arguments "find no support in the record" noting his claims "rest

on offensive, essentialist stereotypes" and "enormous logical leaps."  *Id.*

**Leaf's *Nike* lawsuit**

As to Leaf, the Eastern District federal court noted Leaf's pattern of

problematic litigation in his federal filing against Nike, observing he "chronically

failed to serve defendants," voluntarily dismissed defendants "at an alarming rate,"

routinely sought to amend complaints before courts could rule on dismissal

motions, and attached "large numbers of irrelevant exhibits." *Leaf v. Nike Inc*,

___F Supp 3d___; 2020 U.S. Dist. LEXIS 259694, at *12-13 (ED Mich, Nov. 23,

2020) (Exhibit C).  After this federal admonishment, Leaf refiled in state court

through a nonprofit he incorporated.  *HP Benson Ass'n* (Exhibit B).  The state

circuit court judge determined the complaint to be frivolous and the Michigan

Court of Appeals affirmed the finding of frivolousness.  *Id.* at *10-11.  The

Michigan Court of Appeals panel noted that Leaf "did not attempt to overcome the

fatal flaws that had led to the dismissal of his previous cases," and rejected Leaf's

claims of judicial bias.  *Id*. at *10-11.

## ARGUMENT

### I.     Summary judgment standards.

#### A.     Fed. R. Civ. P. 12(b)(1)

Courts routinely decide threshold challenges to subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) before addressing merit arguments under Fed. R. Civ. P. 12(b)(6).  *See Bell v. Hood*, 327 U.S. 678, 682 (1946).  When a defendant asserts a facial challenge to subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the defendant asks the Court to find that, even if the allegations in the complaint are true, the pleadings fail to give the Court subject matter jurisdiction. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).  The Sixth Circuit Court of Appeals has recognized 12(b)(1) motions as appropriate vehicles for states to invoke both sovereign immunity and the *Younger* abstention doctrine.  *See Nair v. Oakland County Community Mental Health Authority*, 443 F.3d 469, 476 (6th Cir. 2006); *See Kingsley v. Brundige*, 513 F App'x 492, 495 (6th Cir. 2013).  (Exhibit D).

#### B.     Fed. R. Civ. P. 12(b)(6)

To survive a 12(b)(6) motion to dismiss, a complaint must include an adequate factual basis that accepted as true allows the court to reasonably infer that the defendant is liable for the misconduct alleged.  *Bell Atlantic Corp v. Twombly*, 550 US 544, 556 (2007).  However, bare assertions, speculation or conclusions

without further factual development, will not satisfy the requirement to state a claim for relief.  *Id.* at 555-557.

## II.   Plaintiffs' Complaint must be dismissed under Fed. R. Civ. Proc. 12(b)(1) because this Court lacks subject matter jurisdiction.

### A.   The Eleventh Amendment bars all of Plaintiffs' claims.

Plaintiffs have brought suit pursuant to 42 U.S.C. § 1983 invoking their First and Fourteenth Amendment rights.  ECF No. 1.  The Eleventh Amendment, however, bars private individuals from suing a state in federal court unless the state consents or Congress abrogates the state's immunity[7].  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44 (1996).

The Supreme Court and Sixth Circuit have definitively held that Congress, when enacting 42 U.S.C. § 1983, neither abrogated states' Eleventh Amendment immunity nor included states, their agencies, or state officials acting in their official capacity in the definition of "persons" who could be sued under § 1983. *See, e.g., Quern v. Jordan*, 440 U.S. 332, 345 (1979); *Mikel v. Quin*, 58 F.4th 252, 256–257 (6th Cir. 2023); *See also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Importantly, the Sixth Circuit has specifically held that arms of the

---

[7] Plaintiffs request relief only from the Commission—not Mr. Goetz—making the *Ex Parte Young doctrine* inapplicable.  A full explanation regarding this doctrine's inapplicability is included in the next section.

Michigan Supreme Court, such as the AGC and its Grievance Administrator, are state agencies immune from suit under the Eleventh Amendment.  *Dubuc v. Mich Bd of Law Examiners*, 342 F.3d 610, 615 (6th Cir. 2003).

The State of Michigan, the AGC, and its state officials have not consented to § 1983 suits in federal court.  *See, e.g., Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986); *Ginger v. Circuit Court for Co of Wayne*, 372 F.2d 621, 625 (6th Cir. 1967); *Sanders v. Mich Atty Discipline Bd*, ___F Supp 3d___; 2024 U.S. Dist. LEXIS 66231, at *10 (ED Mich, Feb. 21, 2024); *Butcher v. Mich. Supreme Court*, No. 07-14940, 2008 U.S. Dist. LEXIS 39377 at *3 (2008) (Exhibit E and F— *Sanders* and *Butcher* cases).

Therefore, all Defendants are entitled to Eleventh Amendment immunity and respectfully request that this case be dismissed in full pursuant to Fed. R. Civ. P. 12(b)(1) as "sovereign immunity protects Defendants, full-stop" *Mikel* at 256-257 (cleaned up).

### B.    Plaintiffs cannot rely on the *Ex Parte Young* exception.

Plaintiffs seek to avoid the Eleventh Amendment by framing their claims under *Ex Parte Young* as requests for prospective relief.  ECF No. 1, PageID.55, 57, 60, 63, 65, 67.  But, in doing so, Plaintiffs incorrectly state the circumstances under which *Ex Parte Young* applies.  *See, e.g.,* ECF No. 1, PageID.55.  The *Ex Parte Young* exception does not apply to states or their agencies.  *PR Aqueduct &*

10

*Sewer Auth v. Metcalf & Eddy, Inc*, 506 U.S. 139, 146 (1993) (citing *Cory v. White*, 457 U.S. 85, 90–91 (1982)); *Whitfield v. Tennessee*, 639 F.3d 253, 257 (6th Cir. 2011).  Therefore, the Court must dismiss Plaintiffs claims against the AGC in full, pursuant to Eleventh Amendment immunity.  *See, e.g.*, 440 U.S. at 345.

The Supreme Court has narrowly tailored the *Ex Parte Young* exception to apply only to state officers acting in their official capacity and only allowing prospective relief.  *PR Aqueduct & Sewer Auth*, 506 U.S. at 146.  Declaratory relief based on a state officer's past actions is not available.  *Id.*

Despite well-established precedent, Plaintiffs "request that this Court enter a declaratory judgment that the Commission has violated" their rights and "issue an injunction precluding the Commission from proceeding with disciplinary action" against them.  ECF No. 1, PageID.58, 63, 66, 68, 70.  Plaintiffs do not request any relief from any state officer—including Mr. Goetz—in their complaint.  ECF No. 1.  Because the *Ex Parte Young* exception neither applies to the "Commission" nor allows declaratory judgment based on past actions, this exception fails to save Plaintiffs' case from dismissal based on sovereign immunity.  *See PR Aqueduct & Sewer Auth*, 506 U.S. at 146.

While Plaintiffs may contemplate amending their Complaint, any amendment would prove futile for numerous reasons.  Were Plaintiffs to substitute Mr. Goetz's name for the Commission's in their requests for relief, that superficial

11

change would not overcome the core legal barrier.  The *Ex Parte Young* exception "does not permit judgments against state officers declaring that they violated federal law in the past." *PR Aqueduct & Sewer Auth*, 506 U.S. at 146 (citations omitted).  But here, Plaintiffs' claims are based on the Defendants past conduct— that is, the receipt of complaints from members of the public and requesting that the Plaintiffs respond.  Because Plaintiffs seek declarations about past alleged violations rather than truly prospective relief, any amendment based on these allegations would be futile.

## III.  The *Younger* abstention doctrine deprives this Court of jurisdiction.

The *Younger* abstention doctrine presents another jurisdictional barrier to Plaintiffs' claims.  Under the *Younger* doctrine, federal courts must refrain from interfering with ongoing state proceedings which further the state court's ability to perform judicial functions, implicate important state interests, and provide adequate opportunity to raise constitutional challenges.  *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 77–79 (2013); *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 432 (1982); *Younger v. Harris*, 401 U.S. 37 (1971); *Frost v. Nessel,* Case No. 24-1132 (6th Cir., decided Apr. 17, 2025) (Exhibit G).  When these requirements exist, a federal court must abstain from exercising jurisdiction absent extraordinary circumstances—and no such extraordinary circumstances exist here.

12

Courts have determined that *Younger* abstention is required when state criminal prosecutions, civil enforcement proceedings "akin to criminal prosecution," or civil proceedings which are "uniquely in furtherance of the state courts' ability to perform their judicial functions," such as the attorney grievance process, are ongoing. *Doe v. Univ of Ky*, 860 F.3d 365, 369 (6th Cir. 2017), *quoting Sprint*, 571 U.S. at 70 and *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989); *See also Middlesex*, 457 U.S. at 432 (applying *Younger* to attorney grievance process).

While Plaintiffs admit *Younger* abstention is required in attorney grievance proceedings pursuant to *Middlesex*, they attempt to escape abstention by arguing that *Younger* only attaches after formal disciplinary charges are filed, which has not occurred here. ECF No. 1, PageID.54-55. Plaintiffs' attempt fails because both the U.S. Supreme Court and Sixth Circuit have previously rejected Plaintiff's attempted carve-out. *See, e.g., Middlesex County Ethics Committee,* 457 U.S. at 432–437; *Squire v. Coughlan*, 469 F3d 551, 555-56 (6th Cir. 2006); *Fieger v. Thomas*, 74 F.3d 740, 744-45 (6th Cir. 1996).

In *Middlesex,* the Supreme Court explained that the entire attorney grievance process, starting with the initial filing prompting the investigation of the attorney, triggered abstention as the process is "uniquely in furtherance of the state courts'

ability to perform their judicial functions." *Middlesex*, 457 U.S. at 432–437. *Sprint Communications, Inc. v. Jacobs*, 571 U.S. at 77–79 (citation omitted).

Following Supreme Court precedent, the Sixth Circuit has consistently confirmed that *Younger* abstention applies to attorney disciplinary proceedings— including at the investigation stage. For example, in *Squire,* the Sixth Circuit specifically held that a grievance administrator's investigations are a judicial function for the purposes of *Younger* abstention. *Squire,* 469 F3d at 555–56; *See also Fieger v. Thomas*, 74 F.3d at 744–45 (6th Cir. 1996). The *Squire* court further held that "[t]he policies of comity and federalism counsel that because [the state] has such an important interest in regulating its own bar, a state forum should have the first opportunity to review [the state's] rules of lawyer conduct and procedures for lawyer discipline." *Id.* at 556 *quoting Fieger*, 74 F.3d at 745.

Plaintiffs' case must be dismissed as the law is clear. *Younger* abstention is required at all stages of the attorney grievance process, including the investigation stage. *See, e.g., Middlesex*, 457 U.S. at 423-427*; Squire* at 555-556.

## A.    Plaintiffs' admissions deprive this Court of jurisdiction.

As an attorney grievance process is subject to *Younger* abstention, the *Middlesex* factors must be applied to the facts of this case. *Doe v. Univ of Ky*, 860 F.3d at.

14

The first *Middlesex* prong requires an ongoing state judicial proceeding, satisfied here by the ongoing state bar disciplinary process.  *Middlesex,* 457 U.S. at 433–434; *Fieger,* 74 F.3d at 744.  Throughout their complaint, both Plaintiffs allege that grievance complaints have been filed against them and the attorney grievance investigation process continues.  *See, e.g.,* ECF No. 1, PageID.2-3.  Additionally, Plaintiff Leaf alleges that he has an application for leave pending before the Michigan Supreme Court in the underlying case.  ECF No.1, PageID.52.  So, Plaintiffs' own admissions satisfy the first prong of the *Younger* abstention doctrine that state "judicial proceedings" are ongoing.  *Middlesex,* 457 U.S. at 432–37; *Fieger* 74 F.3d at 744–750.

The second *Middlesex* factor requires that the proceedings involve an important state interest.  *Middlesex*, 457 U.S. at 432–435; *Doe*, 860 F.3d at 369.  Courts have consistently held that states, including Michigan, have "an extremely important interest in maintaining and assuring the professional conduct" of licensed attorneys and have the right to exercise extensive control over the professional conduct of attorneys.  *See Middlesex,* 457 U.S. at 434; *Fieger*, 74 F.3d at 745.  According to Plaintiffs' own admissions, multiple courts have found that they filed frivolous lawsuits.  ECF No. 1, PageID.27-28, 30, 37, 43-44, 51-52.  The Michigan Rules of Professional Conduct makes filing a frivolous lawsuit an ethical violation subject to discipline.  Mich. Ct. R. 9.104; Mich. R. of Pro. Conduct 3.1.

15

As Michigan's courts have an important interest in prohibiting frivolous lawsuits, the second *Middlesex* prong is satisfied.  *Middlesex*, 457 U.S. at 434; *Fieger*, 74 F.3d at 745.

Finally, the third *Middlesex* factor is whether the proceedings provide an adequate opportunity to raise constitutional challenges.  *Middlesex*, 457 U.S. at 432; *Fieger*, 74 F.3d at 745–746.  Again, the Sixth Circuit has already decided this issue, holding "the Michigan lawyer discipline proceedings afford an adequate opportunity to raise constitutional challenges" to satisfy *Younger*.  *Fieger,* 74 F.3d at 746–747 (cleaned up).  Thus, this case satisfied all three *Middlesex* prongs.  *Id.*

Critically, Plaintiffs do not allege the AGC acted in bad faith, to harass, or in flagrant unconstitutionality; nor could they, as—if Plaintiffs' own allegations are true—the AGC would have a duty to investigate a complaint that the Plaintiffs had filed frivolous claims.  Mich. Ct. R. 9.104, Mich. R. of Pro. Conduct 3.1, Mich. R. of Pro. Conduct 8.4.

All three *Middlesex* factors are met, so Plaintiffs' claims are barred under the *Younger* abstention doctrine.  This Court should dismiss this case for lack of jurisdiction on that basis.  *See, e.g., Fieger*, 74 F.3d 740.

## IV.   The *Rooker-Feldman* doctrine and the collateral bar rule estop Plaintiffs' attempts to vindicate their claims of judicial antisemitism.

Beyond the jurisdictional barriers already discussed, the *Rooker-Feldman* doctrine and collateral bar rule provide additional grounds barring Plaintiffs'

claims.  The *Rooker-Feldman* doctrine prohibits lower federal courts from

reviewing state judgments, reserving this power exclusively to the U.S. Supreme

Court.  *Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2008).  Similarly, the

collateral bar rule prohibits filing a separate civil action to collaterally challenge

prior judgments.  *Tonti v. Petropoulous*, 656 F.2d 212, 216 (6th Cir. 1981); *In re

Ferranti*, 504 Mich. 1, 22 (2019).

In this case, the *Rooker-Feldman* doctrine and/or the collateral bar rule

applies because:

1.  Plaintiff Susselman asks this federal court to review and reject federal court determinations that he filed a frivolous complaint and that his antisemitism claims lacked merit;

2.  Plaintiff Leaf attempts to collaterally attack Michigan courts' determinations that he filed a frivolous complaint and their rejection of his antisemitism claim;

3.  Both plaintiffs seek federal intervention that would effectively undo or invalidate federal and state court judgments that found their complaints frivolous, allowing them to avoid potential consequences for unethical behavior;

4.  The only court in Michigan that has jurisdiction of attorney grievances is the Michigan Supreme Court.  Only the U.S. Supreme Court has jurisdiction to review a Michigan Supreme Court decision.

When we examine the core of this case, Plaintiffs devote about 80% of their

Complaint to rehashing why they believe the various courts based their frivolity

findings on antisemitism.  The fundamental problem is that they have already made

these arguments in other cases, and lost.  Ex. A-*Gerber;* Ex. B-*H.P. Benson*.

Plaintiffs cannot relitigate these issues here repackaged as a § 1983 case.  *Tonti,* 656 F.2d at 216.  Additionally, both the Sixth Circuit and the Michigan Court of Appeals definitively rejected Plaintiffs' arguments of judicial antisemitism, finding the claims to be utterly baseless.  Indeed, the Sixth Circuit specifically stated in its opinion that Susselman's arguments were unsupported and ill-received:

> Susselman's bias arguments "find no support in the record," *Dixon v. Clem*, 492 F.3d 665, 679 (6th Cir. 2007), and are "not well received," *Gerber*, 14 F.4th at 519 n.4

*Gerber* at *11 (Exhibit A).  Susselman exhausted his appellate remedies by pursuing his antisemitism claims to the U.S. Supreme Court, which denied certiorari.  *Brysk v. Herskovitz*; 144 S. Ct. 183 (2023).

Similarly, the Michigan Court of Appeals also held that Leaf filed a frivolous complaint and rejected his claim of judicial bias.  *HP Benson Ass'n* at *11 (Exhibit B).  Leaf's claims currently await Michigan Supreme Court review and, if unsuccessful, his court of last resort would be an appeal to the U.S. Supreme Court—not a review conducted by this Court.

At its core, Plaintiffs primarily argue they had a right to assert that antisemitism motivated the courts to find their filings frivolous when representing their clients.  However, the *Rooker-Feldman* and collateral bar rules prohibit Plaintiffs from repackaging these issues under §1983, as multiple courts have already rejected these arguments and found their claims baseless.  *See, e.g.,*

18

*Lawrence v. Welch*, 531 F.3d at 368; *Tonti v. Petropoulous*, 656 F.2d at 216; *In re Ferranti*, 504 Mich 1, 22 (2019).  So, Plaintiffs' claims could also be dismissed on these grounds.

**V.    Plaintiffs' Complaint fails to state viable legal claims and so it must be dismissed.**

Even if this Court were to find it has jurisdiction, Plaintiffs' claims would still fail on their merits.  Plaintiffs' allegations and legal claims suffer from fatal deficiencies that require their dismissal under Fed. R. Civ. P. 12(b)(6).

**A.    Plaintiffs' Complaint Contains Significant Procedural Deficiencies.**

Before addressing the substance of Plaintiffs' constitutional claims, Defendants note that Plaintiffs' Complaint contains basic procedural deficiencies that warrant dismissal.  First, Plaintiffs have failed to properly name the individual commissioners in the caption as the court rules require, so those individuals are not parties despite being identified as such in this action.  Fed. R. Civ. P. 10(a). Second, Plaintiffs have also failed to state what relief they seek from any individual Defendant, including Mr. Goetz.  Instead, they seek relief only from the Commission, which—as discussed earlier—has Eleventh Amendment immunity. Fed. R. Civ. P. 8(a)(3).  As the Court cannot provide the requested relief, the Court should dismiss Plaintiffs' complaint.  Fed. R. Civ. P. 12(b)(6).

**B.  Plaintiffs Cannot Satisfy the Required § 1983 Elements to Succeed on Their Claims.**

Moving to the more substantive deficiencies of the Complaint, the U.S. Supreme Court has recognized that § 1983 provides a method for vindicating federal rights, rather than a source of substantive rights itself. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Therefore, Plaintiffs bringing a § 1983 action must first identify the specific constitutional right allegedly infringed. *Id.* Here, Plaintiffs' complaint relies on conclusory, speculative statements based on erroneous legal theories. (ECF No. 1.) Once the Court removes the erroneous legal conclusions, their complaint fails to meet the minimal requirements of *Twombly* and *Iqbal* to state a claim pursuant to 42 U.S.C. § 1983. *Bell Atl. Corp. v. Twombly*, 550 U.S. at 544; *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

To survive a motion to dismiss, Plaintiffs must properly allege that (1) defendants acted under color of state law and (2) the offending conduct deprived them of rights secured under federal law. *Mezibov v. Allen*, 411 F.3d 712, 716–717 (6th Cir. 2005) *citing Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). While Plaintiffs arguably may satisfy the first element, their claims fail because they cannot satisfy the second requirement.

**C.  Plaintiffs' First Amendment Claims Fail.**

To properly state a First Amendment violation, Plaintiffs must allege (1) they engaged in constitutionally protected conduct; (2) defendants took an adverse

action against each plaintiff that would deter a person of ordinary firmness from
continuing to engage in that conduct; and (3) the adverse action stemmed at least in
part from the plaintiffs' protected conduct.  *Mezibov* at 717 (citation omitted).

The fatal flaw in Plaintiffs' claim is that they have not engaged in protected
First Amendment conduct.  Courts are authorized to discipline attorneys when they
violate court decorum rules and make baseless statements. *Chambers v. NASCO,
Inc.*, 501 U.S. 32, 43 (1991).  This authority includes investigating and bringing
disciplinary actions against attorneys through attorney grievance procedures.  *Id.*
When an attorney believes the trial court violated constitutional rights or relevant
laws, even as to themselves, their "sole remedy" lies in appealing in that case, as
they are speaking for their clients, not themselves. *Mezibov* at 717–719.

The Sixth Circuit has made this point crystal clear: "in the context of the
courtroom proceedings, an attorney retains no personal First Amendment rights
when representing their client in those proceedings." *Id.* at 720–721.  Courtrooms
constitute a highly-regulated nonpublic forum, where lawyers do not engage in free
speech but instead speak solely on behalf of their clients.  *Id*. at 718.  As the Sixth
Circuit has explained:

> The courtroom is a nonpublic forum, where the First Amendment
> rights of everyone (attorneys included) are at their constitutional
> nadir.  In fact, the courtroom is unique even among nonpublic fora
> because within its confines we regularly countenance the application
> of even viewpoint-discriminatory restrictions on speech.

21

*Mezibov* at 718.

The logical conclusion is unavoidable: even if the AGC investigated

Plaintiffs for statements in their legal briefs, the investigation could not possibly

violate their First Amendment rights because Plaintiffs had *no* personal First

Amendment rights when they represented their clients in court.  *Id.* at 717–721;

*See, e.g.,* ECF No. 1, PageID.2.  As such, the Court must dismiss Plaintiffs' First

Amendment claims as their First Amendment rights have not been violated.

### D.      Plaintiffs' Equal Protection Claims Fail.

Plaintiffs' equal protection claims suffer from similar fundamental legal

defects.  "The threshold element of an equal protection claim is disparate

treatment." *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir.

2006).  "To state an equal protection claim, a plaintiff must adequately plead that

the government treated the plaintiff 'disparately as compared to similarly situated

persons and that such disparate treatment either burdens a fundamental right,

targets a suspect class, or has no rational basis.'" *Ctr. for Bio-Ethical Reform, Inc.

v. Napolitano,*648 F.3d 365, 379 (6th Cir. 2011) (citation omitted).

The courts have established that "'similarly situated' is a term of art and

requires the compared party to be similar in all relevant respects." *Paterek v. Vill.

of Armada*, 801 F.3d 630, 650 (6th Cir. 2015) (citations omitted).  In this case, the

proper comparator—if any existed—would be an attorney who was found to have

filed a frivolous complaint, had a Request for Investigation filed against them by a member of the public, but were not Jewish and were not asked by the AGC to provide a response.  No such comparator is identified in the Complaint.

What makes Plaintiffs' equal protection claims particularly untenable is their own express admission in their complaint that they lack any evidence that the AGC has treated them disparately.  Indeed, they openly concede that "it is not possible to prove that the Commission's issuance of a request violates their equal protection rights." *See* ECF No. 1, PageID.55-56, 62.  This admission must be fatal to their claim.  Filing an Equal Protection complaint while admitting a lack of supporting evidence violates Fed. R. Civ. P. 11(b).  Having admitted they have no evidence to support their equal protection claims, Plaintiffs have again failed to state a claim upon which relief can be granted.  *See, e.g., Scarbrough* at 260.

### E.    Plaintiff Leaf's Due Process Claims Fail.

Finally, Plaintiff Leaf's due process claims also cannot withstand scrutiny. To establish a procedural due process claim, Plaintiff Leaf must show (1) a protected property interest exists, (2) someone has deprived him of that protected property interest, and (3) he did not receive adequate procedures.  *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 904 (6th Cir. 2014).  Here again, Plaintiff Leaf's complaint fails to meet these minimum requirements.

While an attorney has a right to due process before losing their law license, Plaintiff Leaf has not lost his law license or faced threats of license loss based on his own admission.  ECF No. 1, PageID.45, 55, 61; See *Willner v. Committee on Character and Fitness*, 373 U.S. 96, 102 (1963).

Moreover, Leaf has not been deprived of adequate procedures.  The Sixth Circuit has explained that due process requirements are met when an attorney has the opportunity to respond to allegations and, if charged, can actively participate in the proceeding by providing testimony, evidence and argument and cross-examining witnesses.  *See In re Squire*, 617 F.3d 461, 467-467 (6th Cir. 2010); *In re Ginger*, 372 F.2d at 621.  The Court specifically held that Michigan's attorney grievance process provides adequate procedures to meet due process requirements. *Fieger,* 74 F.3d at 746-747.  If he were ever charged (which remains entirely unknown), Plaintiff Leaf will have due process afforded him through the disciplinary process.

At its core, Plaintiff Leaf complains that the investigation request does not specifically list which rule violations are being investigated.  This argument misses a fundamental point: an investigation does not constitute an accusation of rule violations.  Rather, the letter Plaintiff submitted identifies actions under investigation as *potential* rule violations.  The U.S. Supreme Court has confirmed that attorneys are responsible for knowing the rules of ethics, holding that federal

24

courts may "rely on the attorney's knowledge of the state code of professional conduct applicable in that state court." *In re Snyder*, 472 U.S. 634, 645 n.6 (1985). As a licensed attorney knowledgeable in Michigan's Code of Professional Responsibility, Leaf has received sufficient notice.

Because Leaf has not—and cannot—allege any actual deprivation of a protected interest, or that he has not been provided adequate procedural protections, his procedural due process claim must fail as a matter of law.

## CONCLUSION AND RELIEF REQUESTED

WHEREFORE, for the reasons stated, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), Defendants respectfully request that this Honorable Court dismiss this action in its entirety with prejudice.

<div style="margin-left: 40%;">

*/s/ Marla Linderman Richelew*
Marla Linderman Richelew (P55759)
Assistant Attorney General
Attorney for Defendants
Michigan Department of
Attorney General
Civil Rights & Elections Division
3030 West Grand Boulevard,
10th Floor
Detroit, MI 48202
(313) 456-0200
lindermanrichelewm@michigan.gov

</div>

Dated:  April 22, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2025, I electronically filed the above

document(s) with the Clerk of the Court using the ECF System, which will provide

electronic copies to counsel of record.

<div style="margin-left:40%">

*/s/Marla Linderman Richelew*
Marla Linderman Richelew
Assistant Attorney General
Attorney for Defendants
P55759

</div>