UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARC MITCHELL SUSSELMAN and
MARTIN H. LEAF,                                No. 25-10660

    Plaintiffs,                              HON. SHALINA D. KUMAR

v                                              MAGISTRATE JUDGE
                                               ELIZABETH A. STAFFORD
MICHIGAN ATTORNEY GRIEVANCE
COMMISSION, et al.

    Defendants.

_____

**DEFENDANTS' MOTION TO
STRIKE OR SEAL PLAINTIFFS' EXHIBIT 14**


Marla Linderman Richelew
Attorney for Defendants
Michigan Department of Attorney
General
Civil Rights & Elections Division
3030 West Grand Blvd, 10th Floor
Detroit, MI 48202
(313) 456-0200
lindermanrichelewm@michigan.gov
P55759

Dated:  April 23, 2025

**DEFENDANTS' MOTION TO
STRIKE OR SEAL PLAINTIFFS' EXHIBIT 14**

NOW COMES Defendants by and through its attorneys and states in support of its motion:

1.      Plaintiffs, in their Complaint, attached two alleged confidential letters from the Judicial Tenure Commission (JTC) regarding individuals who are not parties or relevant to their claims.

2.      Exhibit 14 is immaterial, impertinent and scandalous to the affected individuals who have no bearing on this case and no knowledge of this harmful filing.

3.      Moreover, Defendants' request that this Court take judicial notice that neither individual named in these alleged letters appears on the Judicial Tenure Commission's site, which lists all disciplined judges alphabetically[1]. Fed. R. Evid. 201.

4.      In the interest of justice and civility, Exhibit 14 and all mention of these letters in the Complaint should be stricken from the record.

5.      On April 11, 2025, Defendant's counsel contacted Susselman and Leaf and concurrence in this motion was not granted.

---

[1]https://jtc.courts.mi.gov/formal_complaints_and_disciplined_judges/resolved_formals_and_disciplined_judicial_officers_(alphabetical).php (last accessed on April 11, 2025).

For the reasons stated herein and in their supporting brief, Defendants respectfully request that this honorable Court strike Exhibit 14 from the record pursuant to Fed. R. Civ. Pro. 12(f).

Respectfully submitted,

*s/Marla Linderman Richelew*
Marla Linderman Richelew
Assistant Attorney General
Attorney for Defendants
Civil Rights & Elections Division
3030 W. Grand Boulevard, 10th Floor
Detroit, MI 48202
(313) 456-0200
lindermanrichelewm@michigan.gov
P55759

Date: April 23, 2025

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARC MITCHELL SUSSELMAN and
MARTIN H. LEAF                                    No. 25-10660

    Plaintiffs,                              HON. SHALINA D. KUMAR

v                                                 MAGISTRATE JUDGE
                                                  ELIZABETH A. STAFFORD

MICHIGAN ATTORNEY GRIEVANCE
COMMISSION, et al.

    Defendants.

---

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION
TO STRIKE EXHIBIT 14**

Marla Linderman Richelew (P55759)
Attorney for Defendants
Michigan Department of Attorney
General
Civil Rights & Elections Division
3030 West Grand Blvd, 10th Floor
Detroit, MI 48202
(313) 456-0200
lindermanrichelewm@michigan.gov

Dated:  April 23, 2025

**TABLE OF CONTENTS**

Page

Table of Contents ......................................................................................................... i

Index of Authorities ..................................................................................................... ii

Statement of Question Presented ................................................................................ iii

Argument ...................................................................................................................... 1

Certificate of Service ................................................................................................... 4

# INDEX OF AUTHORITIES

Page

**Cases**

*McKinney v. Bayer Corp.*, 2010 U.S. Dist. LEXIS 69247, 2010 WL 2756915
(N.D. Ohio July 12, 2010) ..................................................................................2

*MF v Cleveland Metro Sch Dist*, ___F Supp 3d___; 2024 U.S. Dist. LEXIS
193063 (ND Ohio, Oct. 24, 2024)....................................................................1, 3

**Rules**

Fed. R. Civ. P. 12(f) ........................................................................ 1, 2, 3

Fed. R. Civ. Proc. 10(c) ..................................................................................1

Mich. Ct. R. 9.261 ..........................................................................................2

**STATEMENT OF QUESTION PRESENTED**

1.      Exhibit 14 should be stricken from the record as it purports to be Judicial Tenure Commission letters to individuals who are immaterial and irrelevant to this matter.  The letters contain information that meets the definition of scandalous as the individuals named were neither formally nor publicly disciplined.

## ARGUMENT

Defendants incorporate the facts and law cited in their motions to dismiss, pursuant to Fed. R. Civ. Proc. 10(c).  In summary, Plaintiff seeks declaratory and equitable relief from state agencies—that is, Defendants Attorney Grievance Committee and Michael Goetz, Grievance Administrator (collectively AGC). Defendants moved for summary disposition on numerous grounds regarding jurisdiction and failure to state a claim.  ECF No. 11.

Exhibit 14 attached to Plaintiffs' Complaint included purported Judicial Tenure Commission (JTC) letters against two individuals who are neither parties nor involved in this case.  Neither individual received formal discipline from the JTC and–on information and belief—are likely unaware of Plaintiffs' actions. Exhibit 14 is a textbook example of irrelevant evidence.

This Court has broad discretion to strike these documents, sua sponte or by motion, because they are immaterial, impertinent, and scandalous.  Fed. R. Civ. P. 12(f);  *See, e.g., MF v Cleveland Metro Sch Dist*, ___F Supp 3d___; 2024 U.S. Dist. LEXIS 193063, at *15 (ND Ohio, Oct. 24, 2024) (quotations and citations omitted).  While motions to strike are disfavored, they should be granted where materials are clearly immaterial or prejudicial.  *Id.*

"An immaterial matter is that which has 'no bearing on the subject matter of the litigation,'" while "[i]mpertinent allegations include statements that are not

1

necessary to the issues presented." *Id.* (quoting *McKinney v. Bayer Corp.*, 2010 U.S. Dist. LEXIS 69247, 2010 WL 2756915, at *1 (N.D. Ohio July 12, 2010)).  "A scandalous matter "refers to 'any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court.'" *Id.*

The letters at issue here meet the meaning of scandalous, and letters such as these are considered privileged by the state court rules.  Mich. Ct. R. 9.261 designates letters such as are attached as Exhibit 14 as absolutely privileged from disclosure in a civil proceeding.  While that rule itself only prohibits state agencies like the AGC from disclosing such information, the mere existence of the rule demonstrates that the documents included in Exhibit 14 are recognized by the Michigan Court Rules to be unduly harmful to judges in circumstances where formal discipline is unwarranted.

These alleged letters from the Judicial Tenure Commission are addressed to judges who have nothing to do with this case, and the Plaintiffs' only possible purpose for attaching them is to impugn Judge Hulsing's impartiality.  But this is precisely the type of impertinent and scandalous material contemplated by Rule 12(f).  Exhibit 14 has nothing to do with the claims at issue in Plaintiffs' lawsuit. Rather, they represent Plaintiffs' attempt to use Judge Hulsing's tenure as Chair of the Judicial Tenure Commission against him simply because he ruled against Leaf.

2

Such materials are not only irrelevant but also undermine the dignity of these proceedings.  The judicial officers who allegedly received these letters should not be used to collaterally attack the judges who ruled against them and whose decisions were upheld on appeal.

Exhibit 14 is immaterial because it is without bearing on the subject matter of this case, impertinent because it is unnecessary to the issues presented, and scandalous because it unnecessarily disparages the moral character of the non-parties receiving these alleged letters.  *See, e.g., MF* at *15.  Exhibit 14, as well as any reference to them in any filing by Plaintiffs, must be stricken pursuant to Fed. R. Civ. P. 12(f).

## CONCLUSION AND RELIEF REQUESTED

For the reasons stated herein, Defendants respectfully request that this honorable Court strike Exhibit 14 from the record pursuant to Fed. R. Civ. P. 12(f).

Respectfully submitted,

*s/Marla Linderman Richelew*
Marla Linderman Richelew
Assistant Attorney General
Attorney for Defendants
Civil Rights & Elections Division
3030 W. Grand Boulevard, 10th Floor
Detroit, MI 48202
(313) 456-0200
lindermanrichelewm@michigan.gov
Date: April 23, 2025                                              P55759

3

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2025, I electronically filed the above

document(s) with the Clerk of the Court using the ECF System, which will provide

electronic copies to counsel of record.

*/s/Marla Linderman Richelew*
Marla Linderman Richelew
Assistant Attorney General
Attorney for Defendants
P55759
