IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

Marc Susselman and Martin Leaf,

    Plaintiffs,

vs().    Case No.:  2:25-cv-10660

Michigan Attorney Grievance Commission,    Hon. Shalina D. Kumar
Board of Commissioners of
the Michigan Attorney Grievance Commission,    Magistrate Judge
in their official capacities,    Elizabeth Staffor
and Michael Goetz,
Administrator of the Michigan Attorney
Grievance Commission, in his official capacity,

    Defendants.
_____/

| | |
|---|---|
| Marc M. Susselman (P29481) | Marla Linderman Richelew |
| Attorney for Plaintiffs | Attorney for Defendants |
| 43834 Brandywyne Rd. | Michigan Dep't of Attorney General |
| Canton, Michigan 48187 | Civil Rights & Elections Div. |
| (734) 416-5186 | 3030 West Grand Blvd., 10th Floor |
| marcsusselman@gmail.com | Detroit, MI 48202 |
| | (313) 456-0200 |
| Martin Leaf (P43202) | lindermanrichelewm@michigan.gov |
| Attorney for Plaintiffs | P55759 |
| 33228 W 12 Mile Rd., #345 | |
| Farmington Hills, MI 48335 | |
| (248) 687-9993 | |
| leafmartin@gmail.com | |

_____/

**PLAINTIFFS' RESPONE TO DEFENDANTS'
MOTION TO STRIKE OR SEAL PLAINTIFFS' EXHIBIT 14**

    Plaintiffs, responding to Defendants' Motion To Strike Or Seal Plaintiffs'

Exhibit 14, state as follows:

1. Admit that the exhibits were attached, but deny that they are not relevant to Plaintiff Leaf's claims, for the reason that the assertion is untrue.

2. Denies the allegation, for the reason that it is untrue.

3. Neither admits nor denies the allegation, for the lack of information to determine whether it is true, and states further that the allegation is irrelevant.

4. Denies the allegation, for the reason that it is untrue.

5. Admit.

This response is supported by the accompanying brief.

**WHEREFORE**, Defendants' motion should be denied.

Respectfully submitted,

/s/ Marc M. Susselman (P29481)
Marc M. Susselman
Attorney for Plaintiffs
43834 Brandywyne Rd.
Canton, Michigan 48187
(734) 416-5186
marcsusselman@gmail.com

Dated: April 30, 2025

# BRIEF IN SUPPORT OF RESPONSE TO DEFENDANTS' MOTION

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................ ii

**QUESTION PRESENTED** ............................................................................... iii

**STATEMENT OF FACTS AND PROCEEDINGS** ................................................ 1

**ARGUMENT** ................................................................................................. 3

**I.    DEFENDANTS' CONTENTION THAT EXHIBIT 14 MAY BE STRICKEN ON THE BASIS THAT THE LETTERS ARE REDUNDANT, IMMATERIAL, IMPERTINENT, OR SCANDALOUS IS WITHOUT MERIT.**

**CONCLUSION** .............................................................................................. 7

**CERTIFICATE OF SERVICE** ........................................................................... 8

# TABLE OF AUTHORITIES

**Cases**                                                                                               **Page**

*Brown & Willaimson Tobacco Corp. v. United States,*
    201 F.2d 819 (1953)..................................................................................................3

*MF v Cleveland Metro Sch. Dist.,*
    ___ F. Supp. 3d ___; 2024 U.S. Dist. LEXIS 19306,
    (ND Ohio, Oct. 24, 2024) ...........................................................................................5

**Rules**

Fed. R. Civ. P. 12(f)...........................................................................................................3, 5

**Miscellaneous**

*Antisemitism: Here And Now,* Deborah Lipstadt (Schocken Books, 2019)...............4

*Antisemitism In America – A Warning,* Senator Chuck Schumer
    Hatchette Book Group, 2025)...........................................................................4

*Jews Don't Count,* David Baddiel (Harper Collins, 2021) ........................................4

## QUESTION PRESENTED

1. Is Exhibit 14 attached to Plaintiffs' First Amended Complaint scandalous, impertinent and/or irrelevant, and should therefore be stricken?

Plaintiffs answer, "No."

Defendants answer, "Yes"

## STATEMENT OF FACTS AND PROCEEDINGS

Plaintiffs filed the instant lawsuit against the Attorney Grievance Commission and Defendant Michael Goetz on March 9, 2025. In the Complaint, Plaintiffs alleged that Requests For Investigation which the Commission issued against each of the Plaintiffs, who are attorneys, violate their rights under the First Amendment, and the Equal Protection Clause of the Fourteenth Amendment, because the Requests claim that the attorneys, who are Jewish, had violated the Michigan Rules of Professional Conduct because they had alleged in legal briefs that two different judges had engaged in conduct, and made statements in legal opinions, which had the appearance of being anti-Semitic.

Plaintiff Leaf had made the allegation against a judge who was presiding over a lawsuit he had filed against Nike, Inc., in the Ottawa County Circuit Court, in which he claimed that a video advertisement which Nike published on the internet violated the Michigan Consumer Protection Act because the video contained both express and subliminal anti-Semitic messages. Nike filed a motion to dismiss. The presiding judge, the Hon. Jon Hulsing, ordered Mr. Leaf to appear in person in court in order to oppose the motion, while the attorney for Nike was allowed to appear via Zoom. Mr. Leaf filed a motion for Judge Hulsing to recuse himself, on the basis that his disparate treatment of Mr. Leaf, as compared to the attorney representing Nike, had the appearance of being anti-Semitic. Mr. Leaf in addition claimed that in the

1

course of the litigation, Judge Hulsing had also made other comments disparaging the lawsuit, which involved allegations attributing anti-Semitism to Nike, and which trivialized the allegations against Nike. Judge Hulsing denied the motion for disqualification.

Plaintiffs attached Exhibit 14 to the Complaint, which consisted of two letters issued by Judge Hulsing, in his capacity as Chairperson of the Judicial Tenure Commission, in which he had admonished two judges for the uncivil manner in which they had treated two different litigants appearing before them. Mr. Leaf had obtained the letters from their publication on the internet, at https://michiganadvance.com/2023/12/20/michigan-judge-receives-public-admonishment-for-past-courtroom-behavior-and-actions/. The letters were attached in order to demonstrate that Judge Hulsing was using a double standard regarding how he treated Mr. Leaf, versus what he expected of other judges. This supported Mr. Leaf's claim that Judge Hulsing was using a double standard, which fortified his claim that Judge Hulsing's conduct had the appearance of being anti-Semitic.

On April 22, 2025, the Defendants filed a motion to dismiss the lawsuit based on Fed. R. Civ. P. 12(b)(1) and (b)(6). On April 27, 2025, Plaintiffs filed their First Amended Complaint by right, pursuant to Fed. R. Civ. P. 15(a)(1)(B), They attached copies of the same two letters as Exhibit 14.

2

# ARGUMENT

I. **DEFENDANTS' CONTENTION THAT EXHIBIT 14 MAY BE STRICKEN ON THE BASIS THAT THE LETTERS ARE REDUNDANT, IMMATERIAL, IMPERTINENT, OR SCANDALOUS IS WITHOUT MERIT.**

Fed. R. Civ. P. 12(f) states, in relevant part: "Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

Regarding the rule's application, the Court of Appeals stated in *Brown & Willaimson Tobacco Corp. v. United States,* 201 F.2d 819 (1953), *id.* at 822:

> Partly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts. … It is a drastic remedy to be resorted to only when required for the purposes of justice. … <u>The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy</u>. …
> (Emphasis added; citations omitted.)

The Attorney Grievance Commission is seeking to discipline Mr. Leaf based on his claim, in legal briefs, that Judge Hulsing's conduct and comments had the appearance of being anti-Semitic. The Commission is claiming that this allegation does not find support in the record. Mr. Leaf is claiming, to the contrary, that Judge Hulsing's disparate treatment of him, including the judge's requirement that Mr. Leaf, who is Jewish – which Judge Hulsing knew to be the case given Mr. Leaf's umbrage regarding the anti-Semitic content of Nike's video advertisement – appear in person in his courtroom located in Grand Haven, Michigan, while allowing Nike's

3

attorney to appear via Zoom. The claim was supported further by Judge Hulsing's comments trivializing the lawsuit against Nike for propagating anti-Semitic messages in its Nike video advertisement, which Mr. Leaf contended violated the Michigan Consumer Protection Act because it disseminated misleading information to consumers, i.e., that anti-Semitism is justifiable, by comparing Mr. Leaf's contention to an advertisement for chocolate cookies which failed to warn the consumer of the unhealthy ingredients in the cookies. (*See* ¶ 66 of the FAC.) The letters which Judge Hulsing issued to two Michigan judges admonishing them for their discourteous and uncivil treatment of litigants who appeared before them, while at the same time refusing to recuse himself from the Nike lawsuit in which Mr. Leaf was claiming that Judge Hulsing had treated him discourteously and uncivilly, highlighted the double standard which Judge Hulsing was employing in his treatment of Mr. Leaf. Applying double standards to Jews has been an historical trademark of anti-Semitism. *See, e.g., Jews Don't Count,* David Baddiel (Harper Collins, 2021); *Antisemitism: Here And Now,* Deborah Lipstadt (Schocken Books, 2019); *Antisemitism In America – A Warning,* Senator Chuck Schumer (Hatchette Book Group, 2025).

The letters accordingly support Mr. Leaf's contention that Judge Hulsing's use of a double standard corroborates his claim that the judge's statements and conduct have been motivated by sentiments of anti-Semitism. Defendants' motion to strike

4

Exhibit 14 therefore does not satisfy the burden under FRCP 12(f), as stated in *Brown & Williamson, supra,* of having "no possible relation to the controversy." Evidence of Judge Hulsing's application of a double standard is highly relevant to the question of whether his comments and conduct have been motivated by sentiments of anti-Semitism.

The decision cited by Defendants in support of their motion, *MF v Cleveland Metro Sch. Dist.,* ___ F. Supp. 3d ___; 2024 U.S. Dist. LEXIS 19306, (ND Ohio, Oct. 24, 2024), does not support their position. In *MF,* the mother of a 17-year-old child who suffered from multiple disabilities, sued the school district in which the child attended public school, alleging that the district had violated its legal obligations to accommodate the student's disabilities under The Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400-1482. In its amended Answer to the Complaint, the district alleged that the "impartial hearing officer" (IHO) of the Ohio Department of Education, who had adjudicated the dispute in an administrative hearing, had identified 57 numbered claims in his decision. The plaintiff, MF, moved to strike the paragraphs in which this allegation appeared pursuant to FRCP 12(f), arguing that the independent claims were actually "supporting facts relating to the 13 'broad claims.'"

The District Court denied the motion, stating, *id.* at *11-12:

5

> On its own or upon a motion, a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "An immaterial matter is that which has 'no bearing on the subject matter of the litigation,'" while "[i]mpertinent allegations include statements that are not necessary to the issues presented." … A scandalous matter "refers to 'any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court.'" …
>
> "A court has broad discretion in determining whether to grant a motion to strike." … However, "motions to strike are disfavored and granted only where the allegations are clearly immaterial to the controversy or would prejudice the movant." …
>
> The Court declines to strike paragraphs 19 and 21 from CMSD's Answer. First, the allegations contained in paragraphs 19 and 21 are not impertinent. M.F.'s claims presented to the IHO, and their subsequent resolution, are directly related to the relief sought in M.F.'s Complaint-including M.F.'s claim for attorney's fees and costs which rest on a prevailing party determination. Indeed, M.F. has not argued otherwise. Instead, M.F. asserts that CMSD has mischaracterized the underlying claims. While M.F. may disagree with CMSD's characterization of the underlying administrative proceedings, such characterization does not rise to the level of a "redundant, immaterial, impertinent, or scandalous matter" to warrant striking under Rule 12(f). Rather, factual disputes over the characterization of the administrative record are better addressed at a later stage of the proceedings.
>
> As for the statement in paragraph 21 that "IHO Alexander did not issue a ruling in favor of M.F., identifying her as a prevailing party," M.F. fails to explain how the statement "has no possible relation to the controversy" or why the "purposes of justice" require striking it. … (Citations omitted.)

Here, there is no dispute that Judge Hulsing wrote the two letters in question. They are, in fact, available on the internet. There is no claim that Mr. Leaf doctored the letters, or added "scandalous" material not present in the original. The claim that

6

the letters are immaterial or impertinent to the issues raised in Mr. Leaf's Complaint against the Commission is specious. The Commission is charging Mr. Leaf with unethical conduct for accusing Judge Hulsing of having engaged in conduct and made statements which have the appearance of being anti-Semitic. While such a charge certainly has a moral dimension, it surely is not, and should not be, the objective of the legal system to ignore or condone expressions of anti-Semitism by a member of the Michigan judiciary. The letters support Mr. Leaf's contention that Judge Hulsing has engaged in conduct and made statements which have the appearance of promoting a double standard based on Mr. Leaf's being Jewish, and therefore support the conclusion that Judge Hulsing's conduct and statements have the appearance of being anti-Semitic. The letters are therefore highly relevant to Mr. Leaf's contention and to his defense against the Commission's accusation.

## **CONCLUSION**

Based on the above argument, the Defendants' motion is without merit and should accordingly be denied.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that he served a copy of the preceding document on each of the attorneys of record via the ECF system of the United States District Court for the Eastern District of Michigan on April 30, 2025.

                                                    Marc M. Susselman
                                                    Attorney for Plaintiff