UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARC MITCHELL SUSSELMAN and
MARTIN H. LEAF,

    Plaintiffs,

v

MICHIGAN ATTORNEY GRIEVANCE
COMMISSION, et al

    Defendants.

No. 25-10660

HON. SHALINA D. KUMAR

MAGISTRATE JUDGE
ELIZABETH A. STAFFORD

_____/

**DEFENDANTS' MOTION TO FILE AN OVERSIZED BRIEF**

NOW COME Defendants' Michigan Attorney Grievance Commission, Commissioners of the Michigan Attorney Grievance Commission and Michael Goetz and state in support of their motion to dismiss:

1.    Plaintiffs originally filed a two-hundred-and-seventy-page complaint alleging five separate counts.  ECF No. 1.

2.    Defendants filed a motion to dismiss which complied with the page limit for a motion to dismiss which was twenty-five (25) pages long.  ECF No. 11.

3.    In response to Defendants' motion, Plaintiffs filed an amended complaint.  ECF Nos. 13 and 14.

1

4. However, in the amended complaint, Plaintiffs added additional arguments but did not subtract any arguments. *Id.*

5. There are two Plaintiffs in this matter, Plaintiff Susselman and Plaintiff Leaf, both of whom are attorneys. *Id.*

6. Plaintiffs' amended complaint is also approximately two hundred and seventy pages long, including exhibits. *Id.*

7. The amended complaint alleges five (5) separate counts of constitutional violations, based on the First and Fourteenth Amendments of the U.S. Constitution pursuant to 42 U.S.C. § 1983, requesting declaratory and injunctive relief. *Id.*

8. Plaintiffs retained all of the legal theories alleged in the original complaint, but added two new legal theories in the amended complaint, (1) requesting remedies from Mr. Goetz, where before Plaintiffs only requested remedies from the Attorney Grievance Commission, and (2) a third-party First Amendment claims on behalf of their clients, even though one client was dead and the other legally defunct.

9. Defendants, therefore, had to brief all the same arguments as before, but also needed to address Plaintiffs'a two new theories.

10. Defendants accomplished addressing the new arguments in approximately four additional pages, approximately 2 pages per argument.

11.    In all, Defendants, in their new motion to dismiss, discuss the facts of the two separate and distinct underlying cases at issue, both with extensive procedural histories, the attorney grievance process, and provide argument on:

1. Eleventh Amendment immunity;
2. *Ex parte Young* as it applies to state entities;
3. *Ex parte Young* as it applies to individuals acting in their official capacities;
4. *Younger* abstention;
5. *Rooker-Feldman* doctrine;
6. Collateral bar doctrine;
7. Failure to state a claim: First Amendment;
8. Failure to state a claim: Third-party First Amendment;
9. Failure to state a claim: Equal Protection; and
10. Failure to state a claim: Due Process.

12.    Given the breadth of procedural history, facts, and range of legal arguments, with two Plaintiffs, Defendants were unable to address all of the necessary history, facts, and arguments necessary to support their motion for dismissal in less than twenty-nine pages.

WHEREFORE, for the reasons outlined above, Defendants respectfully request that this Honorable Court allow Defendants to file an oversized brief of 29 pages.

Respectfully submitted,

/s/Marla Linderman Richelew
Marla Linderman Richelew
Assistant Attorney General
Attorney for Defendants
Michigan Department of
Attorney General
Civil Rights & Elections Division
3030 West Grand Blvd, 10th Floor
Detroit, MI 48202
(313) 456-0200
lindermanrichelewm@michigan.gov
P55759

Dated: May 5, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2025, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

/s/Marla Linderman Richelew
Marla Linderman Richelew
Assistant Attorney General
Attorney for Defendants
P55759