## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

Marc Susselman and Martin Leaf,

     Plaintiffs,

vs.                              Case No.: 2:25-cv-10660

Michigan Attorney Grievance Commission,     Hon. Shalina D. Kumar
Board of Commissioners of
the Michigan Attorney Grievance Commission,     Magistrate Judge
in their official capacities,                   Elizabeth Stafford
and Michael Goetz,
Administrator of the Michigan Attorney
Grievance Commission, in his official capacity,

     Defendants.

_____/

| | |
|---|---|
| Marc M. Susselman (P29481) | Marla Linderman Richelew |
| Attorney for Plaintiffs | Attorney for Defendants |
| 43834 Brandywyne Rd. | Michigan Dep't of Attorney General |
| Canton, Michigan 48187 | Civil Rights & Elections Div. |
| (734) 416-5186 | 3030 West Grand Blvd., 10th Floor |
| marcsusselman@gmail.com | Detroit, MI 48202 |
| | (313) 456-0200 |
| Martin Leaf (P43202) | lindermanrichelewm@michigan.gov |
| Attorney for Plaintiffs | P55759 |
| 33228 W 12 Mile Rd., #345 | |
| Farmington Hills, MI 48335 | |
| (248) 687-9993 | |
| leafmartin@gmail.com | |

_____/

## PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUR-REPLY TO DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

Plaintiffs hereby move for leave to file a sur-reply to Defendants' reply brief to Plaintiffs' response to Defendants' motion to dismiss the Amended Complaint, and in support of the motion state as follows:

1.     A sur-reply is justified in order to address numerous misstatements of the law relating to 11th Amendment immunity and the application of 42 U.S.C. § 1983 in Defendants' reply brief, including the following:

a.   Defendants claim that 42 U.S.C. § 1983 is "the exclusive remedy for constitutional violations."  This assertion is false, and was rejected by the Supreme Court in *Will v. Michigan Dept. of State Police,* 491 U.S. 58 (1989).

b.   Defendants claim that Plaintiffs' lawsuit is barred by 11th Amendment immunity and that Plaintiffs' only option is to sue under 42 U.S.C. § 1983.  This assertion is also false.  Plaintiffs' lawsuit against the Michigan Attorney Grievance Commission ("Commission") is a lawsuit against the State of Michigan, which, under *Monell v. Dept. of Social Services,* 436 U.S. 658 (1978), does not qualify as a "person" under 42 U.S.C. § 1983.  In *Ex parte Young,* 209 U.S. 123 (1908), the Supreme Court held that in order to sue a state in federal court, the plaintiff must make a claim against a state employee named in his official capacity, and seek equitable prospective relief, which is exactly what Plaintiffs are seeking against Defendant Michael Goetz, the Administrator of the Commission, named in his official capacity.

c.  Defendants claim that *Ex parte Young* does not apply to this lawsuit.  This assertion is also false, as demonstrated by the very cases they cite.

d.  Defendants claim that Plaintiffs can obtain a full and fair opportunity to bring their constitutional challenges through the attorney grievance process.  This assertion is also false, as demonstrated by Sarah Lindsey's statement in an email to Mr. Susselman, cited in the Amended Complaint, that the data required to prove that the Commission is violating the Equal Protection Clause in the manner in which it administers Requests for Investigation filed with the Commission is privileged, and not available for discovery in the attorney grievance process.

e.  Defendants claim that the "collateral bar rule" precludes Plaintiffs' request for relief.  This assertion is also false.  The collateral bar rule applies where a plaintiff in federal court is requesting that the federal court overturn a final ruling by a state court.  Nowhere in the Amended Complaint are Plaintiffs requesting that this Court overturn any prior ruling by any court, either state of federal.

f.  Defendants claim that the Plaintiffs' First Amendment claim does not apply to an attorney's statements in litigation.  This assertion is also false, as demonstrated by the very cases they cite, which hold that an attorney has a derivative right of free speech as an advocate for the attorneys' clients.

g.  Defendants claim that Plaintiffs do not have the evidence to prove their Equal Protection violation claim.  This assertion is also false, because it does not

apply to the Defendants' motion brought pursuant to Fed. R. Civ. P. 12(b)(6), which requires that the Court accept every averment in the complaint as true, and make every reasonable inference in favor of the nonmoving party.

h.  Defendants claim that Leaf's due process claim has no merit because it presumes that Mr. Leaf does not know the contents of the Michigan Rules of Professional Conduct.  This assertion is also false, because due process requires that the Commission give Mr. Leaf notice of specifically which MRPC it is claiming he has violated, and nowhere in the Commission's Request for Investigation does it provide Mr. Leaf with this information.

3.    The Court should not allow Defendants' erroneous statements regarding the law to go unaddressed, and should allow Plaintiffs to rebut them.

4.    Plaintiffs' proposed sur-reply is attached hereto as Exhibit 1.

**WHEREFORE**, Plaintiffs request that their motion for leave to file a sur-reply to the Defendants' reply brief be granted.

Respectfully submitted,

Marc M. Susselman (P29481)
Attorney for Plaintiffs
43834 Brandywyne Rd.
Canton, Michigan 48187
marcsusselman@gmail.com
/s/  Marc M. Susselman

Dated: June 19, 2025

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that he served a copy of the preceding document on

the attorneys of record via the ECF system of the United States District Court on

June 19, 2025.

> Marc M. Susselman
> Attorney for Plaintiffs
> 43834 Brandywyne Rd.
> Canton, Michigan 48187
> <u>marcsusselman@gmail.com</u>

By:                                              /s/  Marc M. Susselman

# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

Marc Susselman and Martin Leaf,

     Plaintiffs,

vs.                                   Case No.:  2:25-cv-10660

Michigan Attorney Grievance Commission,     Hon. Shalina D. Kumar
Board of Commissioners of
the Michigan Attorney Grievance Commission,
in their official capacities,                      Magistrate Judge
and Michael Goetz,                         Elizabeth Stafford
Administrator of the Michigan Attorney
Grievance Commission, in his official capacity,

     Defendants.

_____/

Marc M. Susselman (P29481)          Marla Linderman Richelew
Attorney for Plaintiffs                Attorney for Defendants
43834 Brandywyne Rd.                Michigan Dep't of Attorney General
Canton, Michigan 48187              Civil Rights & Elections Div.
(734) 416-5186                      3030 West Grand Blvd., 10th Floor
marcsusselman@gmail.com           Detroit, MI 48202
                                   (313) 456-0200
Martin Leaf (P43202)                   lindermanrichelewm@michigan.gov
Attorney for Plaintiffs                P55759
33228 W 12 Mile Rd., #345
Farmington Hills, MI 48335
(248) 687-9993
leafmartin@gmail.com

_____/

## PLAINTIFFS' SUR-REPLY TO DEFENDANTS' REPLY TO RESPONSE TO MOTION TO DISMISS AMENDED COMPLAINT

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................. ii

ARGUMENT ................................................................................. 1

I.   42 U.S.C. § 1983 IS NOT THE EXCLUSIVE
     REMEDY FOR CONSTITUTIONAL VIOLATIONS. ............................. 1

II.  THE LAWSUIT IS NOT BARRED BY
     11TH AMENDMENT IMMUNITY. ................................................. 3

III. *EX PARTE YOUNG* IS APPLICABLE. ............................................. 4

IV.  PLAINTIFFS DO NOT HAVE A FULL AND FAIR
     OPPORTUNITY TO RAISE THEIR
     CONSTITUTIONAL CLAIMS BEFORE THE COMMISSION. ........... 5

V.   THE COLLATERAL BAR RULE DOES NOT APPLY. .......................... 6

VI.  PLAINTIFFS HAVE PLED VIABLE CLAIMS. ..................................... 7

CONCLUSION ............................................................................. 7

CERTIFICATE OF SERVICE ......................................................... 9

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page**

*Ex parte Young,*
    209 U.S. 123 (1908)....................................................................................4

*Fieger v. Thomas,*
    74 F.3d 740 (6th Cir. 1996)....................................................................5

*Foster v. Michigan,*
    573 F. App'x 377 (6th Cir. 2014)..........................................................2

*Johnson v. City of Shelby,*
    574 U.S. 10 (2014)..................................................................................3

*Legal Services Corporation v. Velazquez,*
    531 U.S. 533 (2001)................................................................................7

*Mezibov v. Allen,*
    411 F.3d 712 (6th Cir. 2005)..................................................................7

*Monell v. Dept. of Social Services,*
    436 U.S. 658 (1978)................................................................................1

*PR Aqueduct & Sewer Auth. V. Metcalf,*
    506 U.S. 139 (1993)................................................................................5

*S &M Brands, Inc., v. Cooper,*
    527 F.3d 500 (6th Cir. 2007)..................................................................5

*Skatemore, Inc. v. Whitmer,*
    40 F.4th 727 (6th Cir. 2022)..................................................................3

*Thomas v. Shipka,*
    818 F.2d 496 (6th Cir. 1987)..................................................................2

*Will v. Michigan Dept. of State Police,*
    491 U.S. 58 (1989).............................................................................1, 2

**Statutes**

Title VI ................................................................................................2

42 U.S.C. § 1983 .............................................................................*passim*

**Constitution**

U.S. Const. amend. I ...........................................................................2

U.S. Const. amend. XI ......................................................................1, 3

U.S. Const. amend. XIV ......................................................................2

**Rules**

Fed. R. Civ. P. 12(b)(6) ......................................................................6

## **ARGUMENT**

### I.    **42 U.S.C. § 1983 IS NOT THE EXCLUSIVE REMEDY FOR CONSTITUTIONAL VIOLATIONS.**

Defendants assert in their Argument I that 42 U.S.C. § 1983 is the exclusive remedy for constitutional violations.  This is a false misstatement of the law in the context of a lawsuit against a state or any of its agencies, and was unequivocally rejected by the Supreme Court in *Will v. Michigan Dept. of State Police,* 491 U.S. 58 (1989), wherein the Court stated, *id.* at 66, "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."  This was made clear by the Supreme Court in its decision in *Monell v. New York City Dept. of Social Services,* 436 U.S. 658 (1978), wherein the Court held that a state does not qualify as a "person" under the statute, which only applies to the deprivation of rights by "persons."  Because of the prohibition against suing a state under the 11th Amendment, the only basis for suing a state or a subdivision of a state is by alleging that the defendants has violated a provision of the Constitution, which includes amendments of the Constitution.  In their response brief, Plaintiffs cited seven Supreme Court decisions in which the Supreme Court sustained the viability of a citizen's lawsuit against a state or agency of a state based on allegations that the state's legislation or action violated an amendment of the Constitution, without any reference whatsoever to 42 U.S.C. § 1983.  Defendants have failed to

distinguish any of these cases from the instant lawsuit, in which Plaintiffs are claiming that the conduct of the Michigan Attorney Grievance Commission ("Commission") violates both the Equal Protection Clause of the 14th Amendment, and the Freedom of Speech Clause of the 1st Amendment.

Defendants' reliance on *Thomas v. Shipka,* 818 F.2d 496 (6th Cir. 1987), which was decided *before Will,* is misplaced.  The Court stated, *id.* at 500, "The Supreme Court has never recognized a cause of action arising directly under the Constitution <u>in a case where Sec. 1983 was available as a remedy</u>." (Emphasis added.)  But under *Will,* Sec. 1983 is <u>not available</u> as a remedy in a federal lawsuit against a state, a subdivision of a state, or a state employee named in his official capacity.  The statement relied on by the Defendant is therefore irrelevant to this lawsuit.

Likewise irrelevant is the decision in *Foster v. Michigan,* 573 F. App'x 377 (6th Cir. 2014), which is an unpublished decision and therefore has no precedential value.  In *Foster,* the plaintiffs filed suit against the State of Michigan claiming race and gender discrimination in violation of Title VI and 42 U.S.C. § 1983.  Both were statutory claims; the plaintiffs did not claim that the state had violated any specific provision of the Constitution.  The Court of Appeals affirmed the dismissal of the § 1983 claim, stating, at 391:  "Section 1983 did not abrogate the sovereign immunity of either the State of Michigan or MDOT.  … Furthermore, neither the State nor MDOT qualify as 'persons' under § 1983 claims against MDOT and the State of

Michigan."  But Plaintiffs are not attempting to sue the Commission under § 1983, because the 11th Amendment precludes them from doing so.  This does not mean that they cannot sue the Commission for violating the Constitution.  Defendants then make the preposterous argument that even though Plaintiffs have not pled a claim under § 1983, they must be deemed to have made such a claim under *Johnson v. City of Shelby,* 574 U.S. 10 (2014), which held that a court must interpret a plaintiff's complaint to plead any *cognizable* claim supported by the facts pled.  But a claim against the Commission under 42 U.S.C. § 1983 *is not cognizable*, and Defendants cannot force Plaintiffs to plead a non-cognizable claim so that they can then argue that it must be dismissed.

## II.   THE LAWSUIT IS NOT BARRED BY 11TH AMENDMENT IMMUNITY.

Arguing that 11th Amendment immunity bars the lawsuit, Defendants state: "[I]n every § 1983 case, states have absolute immunity and are not 'persons' under 1983."  Precisely.  But this is not a Sec. 1983 case, despite Defendants' insistence that it must be.  Their reliance on *Skatemore, Inc. v. Whitmer,* 40 F.4th 727 (6th Cir. 2022) is misplaced.  In *Skatemore,* the plaintiffs were owners of bowling alleys and roller-skating rinks which were compelled to close during the covid pandemic due to executive orders issued by Governor Whitmer – executive orders which the Michigan Supreme Court ultimately held were unconstitutional.  The plaintiffs claimed that they had lost revenue due to an unconstitutional taking of their property.

3

The relief they were seeking thus related to <u>past</u> actions, and <u>past</u> lost revenue, not an injunction of <u>future</u> action, or a declaratory judgment prohibiting <u>future</u> state conduct.  The Court rejected their claims, stating, *id.* at 733:

> While Eleventh Amendment immunity provides broad protections for states to dismiss private suits in federal court, the immunity is not limitless.  Courts have carved out three exceptions to Eleventh Amendment immunity:  "(1) when the state has waived immunity by consenting to the suit; (2) when Congress has expressly abrogated the states' sovereign immunity, and (3) when the doctrine set forth in *Ex Parte Young,* 209 U.S. 123[] (1908) applies." .;; None of these exceptions apply to the present case.

> Regarding the exception set forth in *Ex parte Young,* Plaintiffs find no relief.  *Ex parte Young* permits a private party to seek prospective relief against state officials in their official capacity before these officials violate the plaintiff's federal constitutional or statutory rights.  … In the present case, Plaintiffs are seeking retroactive compensatory damages, not prospective injunctive relief. Accordingly, *Ex parte Young* does not apply here. …
> (Some citations omitted.)

Here, Plaintiffs are seeking prospective injunctive and declaratory judgment relief against the Commission's continued investigation of them and potential disciplinary action against them.  Therefore, *Ex parte Young* does apply, and 11th Amendment immunity does not apply.

## III.   *EX PARTE YOUNG* IS APPLICABLE.

On p. 3, Defendants mischaracterize the prospective relief they seek, stating, "Under Plaintiffs' definition, a court's relief is always prospective because it does not happen until after a court enters an order."  It is not this Court's future potential

order with respect to which Plaintiffs are seeking prospective relief. It is the Commission's continuing investigation of them and the prospective disciplinary action against them which this investigation threatens. Defendants' assertion that, "The *Ex Parte Young* exception does not apply to states or their agencies" is a manifest misstatement of the law, as demonstrated by the seven Supreme Court decisions cited in Plaintiffs' response brief. Their citation of *PR Aqueduct & Sewer Auth. V. Metcalf,* 506 U.S. 139 (1993), is inapposite, since the plaintiff was not suing for equitable relief, but for damages for an alleged breach of contract. Their claim that because Plaintiffs have already responded to requests for investigation they cannot be requesting prospective equitable relief is specious – their past responses do not vitiate their request for an injunction against future disciplinary action by the Commission. Defendants' reliance on *S &M Brands, Inc., v. Cooper,* 527 F.3d 500 (6th Cir. 2007), is likewise inapposite, since the plaintiff was seeking the release of funds previously placed in escrow, and which therefore involved monetary damages.

## IV.   PLAINTIFFS DO NOT HAVE A FULL AND FAIR OPPORTUNITY TO RAISE THEIR CONSTITUTIONAL CLAIMS BEFORE THE COMMISSION.

Defendants' reliance on *Fieger v. Thomas,* 74 F.3d 740 (6th Cir. 1996), is inapposite. The Court only held that Geoffrey Fieger's due process rights were being honored in the disciplinary proceeding. Here, the discovery rules applicable in Michigan disciplinary proceedings preclude Plaintiffs from obtaining the necessary

information regarding how the Commission has treated similarly situated attorneys in the past from demonstrating their disparate treatment.

## V.    THE COLLATERAL BAR RULE DOES NOT APPLY.

Defendants' assert on p. 4, "To get the requested relief, Plaintiffs would need this Court to reverse rulings findings their lawsuits frivolous.  But Plaintiffs cannot collaterally challenge those prior judgments."  This statement is false and distorts Plaintiffs' claims.  Nowhere in their Amended Complaint do they request that this Court reverse the rulings of any other court.  They are claiming that the Commission's efforts to discipline Plaintiffs based on arguments which they made in the other cases violates their constitutional rights.  <u>A ruling in their favor would not entail that the rulings by the courts in the prior cases was erroneous</u>.

They state on p. 5:  "Plaintiffs provide no evidence of Defendants' bias."  Defendants have filed their motion pursuant to Fed. R. Civ. P. 12(b)(6), contending that Plaintiffs have failed to state a claim in their Amended Complaint.  Plaintiffs are not required to present such evidence at the pleading stage.  Their assertion that the information Plaintiffs need to prove their claims is available on the Michigan Attorney Discipline Board Database is specious.  The database only provides information regarding attorneys against whom disciplinary action has been taken.  <u>This is not the information relevant to Plaintiffs' claims of violation of the Equal Protection Clause</u>.  That information relates to requests for investigation which have

6

been filed with the Commission <u>but with regard to which the Commission has not</u> <u>taken any action against the attorneys in question</u>. In Ms. Lindsey's answer to Mr. Susselman's email, she asserted that such information is privileged <u>and would not</u> <u>be made available</u>. Likewise, the fact that some attorneys have been disciplined for filing frivolous pleadings does not disclose how many attorneys have been charged with filing frivolous pleadings, but have never been charged with unethical conduct.

## VI.    PLAINTIFFS HAVE PLED VIABLE CLAIMS.

Defendants ignore the statement in *Mezibov v. Allen,* 411 F.3d 712, 718 (6th Cir. 2005), that an attorney's claim that his free speech rights in court are being infringed on "is almost always grounded in the rights of the client, rather than any independent rights of the attorney."  This is precisely what Plaintiffs are claiming, citing *Legal Services Corporation v. Velazquez,* 531 U.S. 533 (2001).  Regarding Mr. Leaf's due process violation claim, their contention that Mr. Leaf is claiming "ignorance of the Michigan Rules of Professional Conduct" is bogus.  Due process requires that the Commission give him notice of which MRPC he is specifically being accused of having violated.  Nowhere in its Request for Investigation did it identify which MRPC he was accused of violating.

## <u>CONCLUSION</u>

Based on the above arguments, and those in Plaintiffs' response brief, the Defendants' motion to dismiss the Amended Complaint should be denied.

Respectfully submitted,

Marc M. Susselman
(P29481) Attorney at Law
43834 Brandywyne Rd.
Canton, Michigan 48187
(734) 416-5186
marcsusselman@gmail.com

/s/  Marc M. Susselman
Attorney for Plaintiffs

Dated: June 19, 2025

## CERTIFICATE OF SERVICE

The undersigned certifies that he served a copy of the preceding document on the attorneys of record via the ECF system of the United States District Court on June 19, 2025.

> Marc M. Susselman
> (P29481) Attorney at Law
> 43834 Brandywyne Rd.
> Canton, Michigan 48187
> (734) 416-5186
> marcsusselman@gmail.com

By:             /s/  Marc M. Susselman
                  Attorney for Plaintiffs