## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN (FLINT)

MARC MITCHELL SUSSELMAN and )
MARTIN H. LEAF, )
                              ) NO. 25-cv-10660
        Plaintiffs, )
                              ) HON. SHALINA D. KUMAR
v . )
                              ) MAGISTRATE JUDGE
MICHIGAN ATTORNEY GRIEVANCE ) ELIZABETH A. STAFFORD
COMMISSION, *et al*. )
                              )
        Defendants. )

## NON-PARTY MOTION FOR LEAVE TO
## FILE MOTION AND BRIEF UNDER SEAL

    Michelle J. Kinnucan ("Movant"), *pro se*[1], pursuant to LR 5.3, Fed. R. Civ.

Pro. 5.2(d), and the Court's inherent authority over its own records and files, re-

spectfully seeks the Court's leave to file, under seal, a motion (attached herein as

Exhibits 1 & 2) and supporting brief (attached herein as Exhibits 3 & 4).

    Movant communicated with Plaintiffs' and Defendants' counsel on May 26-

27, 2025. Concurrence in the instant motion and in the motion to strike, seal, and

redact was not granted by counsel for either party.

    Specifically, this sealing motion aims to prevent Movant's name, home ad-

dress, phone number, and email address from disclosure in relation to immaterial,

---

1. "*Pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings
and filings." *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999).

impertinent, and scandalous material already improperly placed in the court record primarily by Plaintiffs and, to a lesser extent, by Defendants. None of the proposed sealed material has been designated as confidential under a protective order. In short, the present motion seeks to prevent the "additional exploitation of materials originally thought to be confidential." *Nixon v. Warner Communications*, 435 U.S. at 598, 599n11 (1978).

The motion and supporting brief, which Movant now seeks to have filed under seal, pertain to material already in the case files that is: 1) privileged, confidential, and non-public within the meaning of Mich. Ct. R. 9.126; and, 2) immaterial, impertinent, and scandalous within the meaning of Fed. R. Civ. Pro. 12(f)(1); and, 3) improper under the common law. The motion and supporting brief to be filed under seal will perforce highlight, discuss, and quote some of the very material Movant seeks to have removed from the record.

Thus, filing of the motion and supporting brief unsealed, unredacted, and available to the public would: 1) further undermine the confidentiality of privileged material and, therefore, adversely impact Movant's privacy interests; and, 2) would amplify the improper use of the proscribed material, thus, defeating the very purpose of the contemplated motion to strike, seal, and redact the proscribed material.

The instant motion for leave to file under seal is narrowly tailored to protect the privacy interests of Movant, a non-party to present case, and to protect the confidentiality of Michigan attorney disciplinary files and records that should never have been placed in the record in the first place.

The Court has ample grounds and authority to grant this motion. "[T]rial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know." *In re The Knoxville News-Sentinel*, 723 F.2d 470, 474. (6th Circ. 1983). Here, as in *Knoxville*, the Movant is a "third party who was not responsible for the initiation of the underlying litigation." Id. at 477. (cleaned up). The Movant also "possesses a justifiable expectation of privacy that her name and related personal information not be revealed to the public. Her interests in privacy are sufficiently compelling to justify non-disclosure." Id. at 477. (cleaned up).

For the reasons stated herein, Movant respectfully requests that this honorable Court grant leave to Movant to file her motion and supporting brief under seal, pursuant to LR 5.3, Fed. R. Civ. Pro. 5.2(d), and the Court's inherent authority over its own records and files. *Arthur Krause, et al. v. Rhodes, et al.*, 671 F.2d 212, 218 (6th Cir. 1982). ("Every court has supervisory power over its own records and files,

3

and access has been denied where court files might have become a vehicle for im-

proper purposes.") (citation omitted).


DATED: June 29, 2025                    Respectfully submitted,


                                        /s/ Michelle J. Kinnucan, *pro se*
                                        2850 NW 56th St., Apt 308
                                        Seattle, WA 98107
                                        agcmi2024@mailbox.org
                                        206-245-8610

# INDEX OF EXHIBITS

Exhibit 1   Redacted Version of "Non-Party Motion to Strike, Seal, and Redact Privileged, Confidential, Non-Public, Im material, Impertinent, Scandalous, and Improper Material"

Exhibit 2   Unredacted Version of "Non-Party Motion to Strike, Seal, and Redact Privileged, Confidential, Non-Public, Immaterial, Impertinent, Scandalous, and Improper Material"

Exhibit 3   Redacted Version of "Brief in Support of Non-Party Motion to Strike, Seal, and Redact Privileged, Confiden tial, Non-Public, Immaterial, Impertinent, Scandalous, and Improper Material"

Exhibit 4   Unredacted Version of "Brief in Support of Non-Party Motion to Strike, Seal, and Redact Privileged, Confiden tial, Non-Public, Immaterial, Impertinent, Scandalous, and Improper Material"

# Exhibit 1

# REDACTED VERSION OF DOCUMENT(S) TO BE SEALED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN (FLINT)

| | | |
|---|---|---|
| MARC MITCHELL SUSSELMAN and MARTIN H. LEAF, | ) ) | |
| | ) | NO. 25-cv-10660 |
| Plaintiffs, | ) ) | |
| | ) | HON. SHALINA D. KUMAR |
| vs. | ) ) | MAGISTRATE JUDGE |
| MICHIGAN ATTORNEY GRIEVANCE COMMISSION, *et al*. | ) ) | ELIZABETH A. STAFFORD |
| | ) | |
| Defendants. | ) | |

### NON-PARTY MOTION TO STRIKE, SEAL, AND REDACT PRIVILEGED, CONFIDENTIAL, NON-PUBLIC, IMMATERIAL, IMPERTINENT, SCANDALOUS, AND IMPROPER MATERIAL

██████████████ ("Movant"), *pro se*, respectfully petitions this Court for an Order, pursuant to Fed. R. Civ. Pro. 12(f)(1) and the Court's inherent authority over its own records and files, striking, sealing, and redacting certain privileged, confidential, non-public, immaterial, impertinent, scandalous, and improper material in Plaintiffs' and Defendants' filings as more particularly described and for the reasons set forth more fully in the accompanying brief.

Movant communicated with Plaintiffs' and Defendants' counsel on May 26-27, 2025. Concurrence with this motion was not granted.

1

DATED: June ____, 2025             Respectfully submitted,



/s/ ███████████████ *pro se*

## CERTIFICATE OF SERVICE

I hereby certify that on June ____, 2025, I electronically filed the above document with the Clerk of the Court using the *Pro Se* Electronic Document Upload Program, which will provide electronic copies to counsel of record.



/s/ ███████████████ *pro se*

# Exhibit 2

# UNREDACTED VERSION OF DOCUMENT(S) TO BE SEALED PURSUANT TO LR5.3(b)(3)(B)(iii)

The portions of the document which are the subject of the motion are highlighted in yellow.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN (FLINT)

| | | |
|---|---|---|
| MARC MITCHELL SUSSELMAN and MARTIN H. LEAF, | ) ) | |
| | ) | NO. 25-cv-10660 |
| Plaintiffs, | ) ) | HON. SHALINA D. KUMAR |
| vs. | ) ) | |
| | ) | MAGISTRATE JUDGE |
| MICHIGAN ATTORNEY GRIEVANCE COMMISSION, *et al*. | ) ) | ELIZABETH A. STAFFORD |
| | ) | |
| Defendants. | ) | |

## NON-PARTY MOTION TO STRIKE, SEAL, AND REDACT PRIVILEGED, CONFIDENTIAL, NON-PUBLIC, IMMATERIAL, IMPERTINENT, SCANDALOUS, AND IMPROPER MATERIAL

Michelle J. Kinnucan ("Movant"), *pro se*, respectfully petitions this Court for an Order, pursuant to Fed. R. Civ. Pro. 12(f)(1) and the Court's inherent authority over its own records and files, striking, sealing, and redacting certain privileged, confidential, non-public, immaterial, impertinent, scandalous, and improper material in Plaintiffs' and Defendants' filings as more particularly described and for the reasons set forth more fully in the accompanying brief.

Movant communicated with Plaintiffs' and Defendants' counsel on May 26-27, 2025. Concurrence with this motion was not granted.

1

DATED: June \_\_\_, 2025            Respectfully submitted,

/s/ Michelle J. Kinnucan, *pro se*
2850 NW 56th St., Apt 308
Seattle, WA 98107
agcmi2024@mailbox.org
206-245-8610

2

## CERTIFICATE OF SERVICE

I hereby certify that on June ___, 2025, I electronically filed the above document with

the Clerk of the Court using the *Pro Se* Electronic Document Upload Program, which

will provide electronic copies to counsel of record.

/s/ Michelle J. Kinnucan, *pro se*
2850 NW 56th St., Apt 308
Seattle, WA 98107
agcmi2024@mailbox.org
206-245-8610

# Exhibit 3

# REDACTED VERSION OF DOCUMENT(S) TO BE SEALED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN (FLINT)

|  |  |  |
|---|---|---|
| MARC MITCHELL SUSSELMAN and MARTIN H. LEAF, | ) ) ) | |
|  | ) | NO. 25-cv-10660 |
| Plaintiffs, | ) ) | HON. SHALINA D. KUMAR |
| vs. | ) ) | MAGISTRATE JUDGE |
| MICHIGAN ATTORNEY GRIEVANCE COMMISSION, *et al*. | ) ) ) | ELIZABETH A. STAFFORD |
|  | ) | |
| Defendants. | ) | |

## BRIEF IN SUPPORT OF NON-PARTY MOTION TO STRIKE, SEAL, AND REDACT PRIVILEGED, CONFIDENTIAL, NON-PUBLIC, IMMATERIAL, <u>IMPERTINENT, SCANDALOUS, AND IMPROPER MATERIAL</u>

### INTRODUCTION

The present motion comes before the Court in a case where Plaintiffs seek to avoid accountability for alleged professional misconduct. Not content to merely attempt to evade accountability, Plaintiffs (and Defendants) also gratuitously violated the confidentiality of privileged Michigan Attorney Grievance Commission ("AGC") files and records and, therefore, Movant's right to confidentiality in the process. The wrongful disclosure of AGC files and records along with Plaintiffs' derivative averments concerning Movant are also immaterial, impertinent, scandalous, and improper and should be stricken, sealed, and redacted pursuant to Fed. R. Civ. Pro. 12(f)(1) and this Court's inherent authority.

1

## MATERIAL FACTS

On April 30, 2024, ██████████████ ("Movant"), *pro se*[1], filed a Request for Investigation ("RFI") with the AGC. The RFI names Plaintiff Susselman as the respondent. The AGC subsequently opened an investigation based upon the RFI, assigning it AGC File No. 12-1244. Movant is, therefore, also the complainant in that investigation. However, Movant is not now and has never been a party to this case.

Plaintiffs reference and identify Movant numerous times in their Complaint and First Amended Complaint ("FAC") as the complainant who filed the RFI.[2] ECF Nos. 1 & 13, *passim*. The RFI is incorporated in its entirety within both the Complaint and FAC as Exhibit 6. ECF No. 1, PageID.97-105; ECF No. 14, PageID. PageID.684-692. In addition to her name, Exhibit 6 also includes Movant's phone number, email address, and signature. ECF No. 1, PageID.98; ECF No. 14, PageID.685.

Susselman filed an Answer, dated August 19, 2024, with the AGC. A copy of the Answer was provided by the AGC to Movant pursuant to Mich. Ct. R.

---

1. "*Pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings." *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). *Cf. Nixon v. Warner Communications*, 435 U.S. at 598, 599 n.11 (1978).

2. For example, excluding exhibits, Plaintiff's name or surname appears twenty-five times in the FAC alone.

9.113(A). The Answer makes numerous references to Movant by name and is incorporated within both the Complaint and FAC as Exhibit 7. ECF No. 1, PageID.106-158 *passim*; ECF No. 14, PageID. PageID.693-745 *passim*.

In their Motion to Dismiss, Defendants, quoting the Complaint, also reference and identify Movant by name as the complainant in the AGC's investigation of Susselman. ECF No. 11, PageID.477-478 ¶6.

On April 23, 2025, Defendants filed their Motion to Strike or Seal Plaintiffs' Exhibit 14 explaining that "Exhibit 14 attached to Plaintiffs' Complaint included purported Judicial Tenure Commission (JTC) letters against two individuals who are neither parties nor involved in this case." ECF No. 12, PageID.577 ¶7. Contrariwise, as of this writing, the Defendants have not filed a Motion to Strike or Seal any material in the case files derived from or pertaining to AGC File No. 12-1244 or any other AGC investigation referenced in Plaintiffs' pleadings.

Furthermore, in their Response to Defendants' Motion to Dismiss First Amended Complaint, Plaintiffs reference and identify Movant by name as the complainant who filed the RFI. ECF No. 21, PageID.1201, 1210, 1215. Also, in their Response, Plaintiffs include as their Exhibit 1 "an affidavit provided to the [Attorney Grievance] Commission in relation to another grievance filed against Mr. Susselman . . . ." ECF No. 21, PageID.1226 n.5, 1238-1244. (emphasis added).

3

Movant is identified by name as the complainant who filed the RFI in Plaintiffs'

Exhibit 1. ECF No. 21, PageID.1243, ¶19.

## ARGUMENT

Plaintiffs freely admit that their knowledge of Movant's identity and her per-

sonal information is derivative of the AGC's privileged, confidential, and non-pub-

lic investigation of Susselman: "It [i. e., the RFI] had been filed with the [Attorney

Grievance] Commission . . . by an individual named ███████████ Mr. Sus-

selman had never heard of Ms ████████ . . . and he had no idea who she

was . . . ." ECF No. 13, PageID.592.

It would have been a simple matter for Plaintiffs to protect the Movant's con-

fidentiality, as required by Mich. Ct. R. 9.126(A), by redacting her name and other

personal information from their filings in this case. Yet, instead of doing that,

Plaintiffs further concede that they included that material in knowing violation of

the Michigan Court Rules: "Plaintiffs recognize that under MCR 9.126(A), investi-

gations by the [Attorney Grievance] Commission and its staff are 'privileged from

disclosure, confidential, and may not be made public.'" ECF No. 13, PageID.643

¶83.

There is no exception in the Michigan Court Rules permitting Plaintiffs to

breach the confidentiality of an AGC investigation in order to file suit against the

AGC.[3] Moreover, maintaining the confidentiality of complainant identities in attorney disciplinary proceedings serves important ends:

> The purposes underlying confidentiality are obvious. Foremost, the rule serves to protect . . . the complainant from possible recriminations . . . Moreover, removing or unnecessarily qualifying the confidentiality requirement would eliminate many sources of information and reduce complaints received by the Board from lay citizens, litigants, lawyers, and judges. Finally, the rule serves to protect public confidence in the judicial system . . . .

*Doe v. Board of Professional Responsibility*, 104 S.W.3d 465, 472 (Tenn. 2003).

Analogously, the Michigan Supreme Court, discussing judicial disciplinary proceedings, stated:

> [T]he confidentiality provisions . . . protect . . . citizen complainants. If the respondent and others similarly situated were allowed to discover the name of every complainant . . . the free flow of information to the Commission would be curtailed . . . this Court would not want to discourage citizen complainants from voicing their ideas.

*In the Matter of Mikesell*, 396 Mich 517, 534; 243 NW2d 86 (1976). Attorney and judicial disciplinary proceedings are both governed by Chapter 9 of the Michigan Court Rules.

_____

3. There are only two exceptions in Mich. Ct. R. 9.126(A): "At the respondent's option, final disposition of a request for investigation not resulting in formal charges may be made public. In addition, any interested person may inspect the request for investigation and the respondent's answer thereto if a disciplinary proceeding has been filed." Neither exception applies here as there has been no "final disposition" of the RFI and, as Plaintiffs acknowledge, "[N]o formal charges have been issued by the [Attorney Grievance] Commission against Mr. Susselman . . . ." ECF No. 13, PageID.641 ¶80.

The aims and scope of Mich. Ct. R. 9.126(A) concerning confidentiality should also be interpreted in the light of Mich. Ct. R. 9.102, which states: "Subchapter 9.100 is to be <u>liberally construed for the protection of the public</u>, the courts, and the legal profession and applies to all pending matters of misconduct . . . ." (emphasis added).

Furthermore, Plaintiffs' breach of confidentiality serves no legitimate purpose in their litigation. Defendants declined to deny the allegation that Plaintiffs are the subjects of AGC investigations. ECF No. 18, PageID. 882 n.2, 895 n.4. Thus, the Defendants have conceded that fact. Fed. R. Civ. Pro. 8(b)(6).

In any event, the AGC and the Grievance Administrator have a duty to investigate all allegations of attorney misconduct. Mich. Ct. R. 9.108, 9.109. Hence, even assuming, for the sake of argument only, that Movant submitted the RFI for an improper purpose or due to bias the Defendants would still have a duty to consider and evaluate the allegations of misconduct contained therein on their merits and, if warranted, commence a formal investigation.

Therefore, the inclusion of material derived from the AGC's privileged, confidential files and records adds nothing that could conceivably aid Plaintiffs (or Defendants) in their litigation here and is, thus, both immaterial and impertinent within the meaning of Fed. R. Civ. Pro. 12(f)(1). *Llewellyn-Jones v. Metro Prop.*

6

*Grp., LLC*, 22 F. Supp. 3d 760, 776 (E.D. Mich. 2014) ("Immaterial matter is that which has no essential or important relationship to the claim for relief being pleaded. Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question.") (cleaned up).

Furthermore, Plaintiffs' averments regarding Movant are also calculated to evoke scandal, within the meaning of Fed. R. Civ. Pro. 12(f)(1), and for other improper purposes. *Id*. ("Scandalous generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court.") (cleaned up).

For instance, according to an affidavit submitted to the AGC by Henry Brysk, with the heading "Michigan Attorney Grievance Commission", Susselman breached the confidentiality of AGC files and records by informing Brysk of Movant's name and identity as the complainant. ECF No. 21, PageID.1226 n.5; PageID.1243-1244 ¶19. The fruit of this breach is presented in Plaintiffs' pleadings in a footnote citing hearsay. To wit, Plaintiffs write: "According to Mr. Brysk, Ms. ███████ who at the time was Mr.████████ had administered a virulently anti-Semitic blog."[4] ECF No. 1, PageID.42 n.2; ECF No. 13, PageID.628 n.2.

---

4. Here, Susselman's immaterial reference to the gendered honorifics "Ms." and "Mr." is obviously intended to evoke scandal and/or gratify spite by abusing this Court to "out" Movant as a transgender person. Inaccurate or not, Susselman's averment improperly infringes on Movant's privacy and safety. *Powell v. Schriver,*

7

Elsewhere, Susselman, in his Answer to the AGC, says: "Ms. ███████ is a political propagandist, with a particular obsession with Israel."[5] ECF No. 1, PageID.109 n.1. As his authority for the latter claims he cites a federal Freedom of Information Act lawsuit in which Movant is the plaintiff. However, Susselman

---

175 F.3d 107, 111 (2d Cir. 1999) ("The excru[c]iatingly private and intimate nature of [gender identity], for persons who wish to preserve privacy in the matter, is really beyond debate.") *Cf. Bloch v. Ribar*, 156 F.3d 673, 685 (6th Cir. 1998) ("Publically revealing information [about sexuality] exposes an aspect of our lives that we regard as highly personal and private.") *See also Grimm v. Gloucester Cty. Sch. Bd.,* 972 F.3d 586, 610-612 (4th Cir. 2020) (documenting that transgender people face stigma, discrimination, harassment, and violence because of their gender identity); Hunter Iannucci, *Erasing Transgender Public Figures' Former Identity with the Right to Be Forgotten*, 73 FED. COMM. L. J. 259, 263-264 ("Transitioning is motivated … partly by the fear of being 'found out,' given the vulnerability of transgender persons to social stigma, discrimination, sexual assault, and physical attack."); and, German Lopez, *[Cisgender] Women are Getting Harassed in Bathrooms Because of Anti-transgender Hysteria*, VOX (May 19, 2016), https://www.vox.com/2016/5/18/11690234/women-bathrooms-harassment .

As a charter member of the United States Holocaust Memorial Museum, Movant is, seemingly, an unlikely antisemite. *But see* Itamar Mann & Lihi Yona, *Defending Jews From the Definition of Antisemitism*, 71 UCLA L. REV. 1150, 1154 (2024) ("[T]he Israeli government and its international allies are ever more forceful in conflating criticism of Israel with antisemitism in an effort to silence dissident voices.") *Id.* at 1174 ("The label of antisemitism ... is designed to prevent certain opinions from being heard.")

5. "'Political propaganda' is ordinarily and commonly understood to mean material that contains half-truths, distortions, and omissions. To characterize a particular expression of political ideas as 'propaganda' is to denigrate those ideas." *Keene v . Smith*, 569 F.Supp. 1513, 1520 (1983), *rev'd sub nom. Meese v. Keene*, 481 U.S. 465 (1987). *See also* the dissent of Justice Blackmun: "The designation 'political propaganda' is pejorative, denigrating to the material, and stigmatizing to those disseminating it. It simply strains credulity to assert that 'propaganda' is a neutral clas-

points to nothing in that case's record that supports his uncivil and scandalous claims about Movant.

While Rule 12(f) motions are generally discountenanced "the disfavored character of Rule 12(f) is relaxed in the context of scandalous allegations i.e., those that improperly cast a derogatory light on someone." *Asher & Simons, P.A. v. J2 Global Canada, Inc.*, 965 F. Supp. 2d 701, 704 (D. Md. 2013) (cleaned up). Precisely because they are wholly immaterial and impertinent the two examples above and other assertions about Movant, placed in the public record by Plaintiffs, were obviously included solely "to gratify private spite or promote public scandal".

Susselman contends the AGC's investigation of him is antisemitic: "[T]he [Attorney Grievance] Commission's issuance of its Request [for Investigation] . . . violates the Equal Protection Clause because it unconstitutionally targets him . . . because he is Jewish." ECF No. 13, PageID.640. Clearly, by that line of argument, Movant is, to Plaintiffs' minds, likewise antisemitic. Thus, Plaintiffs' targeting of Movant are merely an expansion of their prior spiteful and scandalous attacks upon judges in the underlying federal case and appeals that led to the RFIs. As Defendants put it, "Plaintiffs routinely … categorize the underlying cases' judges and Defendants as antisemitic based on their own bias and irrelevant exhibits." ECF No.

---

sification." *Id.* at 490 (cleaned up).

22, PageID.1360. This Court, therefore, also has the inherent authority to purge

this material from the public record on those grounds alone:

> Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes. For example, the common-law right of inspection has bowed before the power of a court to insure that its records are not "used to gratify private spite or promote public scandal" . . . Similarly, courts have refused to permit their files to serve as reservoirs of libelous statements . . . .

*Arthur Krause v. Rhodes*, 671 F.2d 212, 218 (6th Cir. 1982) (citation omitted).

In sum, this Court has ample grounds and authority to grant the relief requested by Movant. "[T]rial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know." *In re The Knoxville News-Sentinel*, 723 F.2d 470, 474 (6th Circ. 1983). Here, likewise, the Movant is a "third party who was not responsible for the initiation of the underlying litigation." *Id*. at 477 (cleaned up). The Movant also "possess[es] a justifiable expectation of privacy that [her] name and [related personal information] . . . not be revealed to the public. [Her] interests in privacy are sufficiently compelling to justify non-disclosure." *Id*. "As noted in *Brown & Williamson*, the 'privacy rights of . . . third parties' are among those interests which, in appropriate cases, can limit the presumptive right of access to judicial records." *Id*. at 478.

## CONCLUSION AND RELIEF REQUESTED

10

Plaintiffs' continued refusal to abide by the Michigan Court Rules, the Michigan Rules of Professional Conduct, and the Federal Rules of Civil Procedure and the failure of Defendants to protect their own privileged, confidential files and records should not be countenanced by this Court. The instant motion is narrowly tailored to protect the privacy interests of a non-party to the present case and to uphold the confidentiality of privileged AGC files and records that should never have been placed in the record in the first place. For the reasons stated in the motion and this brief in support, Movant respectfully requests this Court for an Order:

1.      Striking and sealing the Complaint (ECF No. 1), the FAC (ECF No. 13 & 14), the Defendants' Motion to Dismiss (ECF No. 11), and the Plaintiffs' Response to Defendants' Motion to Dismiss First Amended Complaint (ECF No. 21); and,

2.      Directing Plaintiffs to refile a) ECF Nos. 1, 13, & 14 with Footnote 2, Exhibit 6, and Exhibit 7 redacted and all remaining occurrences of the Movant's name redacted and to refile b) ECF No. 21 with Exhibit 1 redacted and all remaining occurrences of the Movant's name redacted; and,

3.      Directing Defendants to refile ECF No. 11 with all occurrences of the Movant's name redacted; and,

11

4.      Directing the Clerk of the Court to redact all occurrences of the
Movant's name and other identifying information from documents filed in the
present case subsequent to ECF No. 21; and,

5.      Directing Plaintiffs and Defendants to refrain from further disclosure,
dissemination, or publication of Movant's name and other identifying information
in connection with AGC proceedings and the present case; and,

6.      Stating that this Order shall survive the termination of this action and
shall remain in full force and effect unless modified by an Order of this Court or by
the written stipulation of the Movant filed with the Court.

DATED: June ___, 2025                    Respectfully submitted,



## CERTIFICATE OF SERVICE

I hereby certify that on June ___, 2025, I electronically filed the above document with the Clerk of the Court using the *Pro Se* Electronic Document Upload Program, which will provide electronic copies to counsel of record.

/s/ 

# **Exhibit 4**

# UNREDACTED VERSION OF DOCUMENT(S) TO BE SEALED PURSUANT TO LR5.3(b)(3)(B)(iii)

The portions of the document which are the subject of the motion are highlighted in yellow.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN (FLINT)

MARC MITCHELL SUSSELMAN       )
and MARTIN H. LEAF,           )
                              )  NO. 25-cv-10660
            Plaintiffs,       )
                              )  HON. SHALINA D. KUMAR
vs.                           )
                              )  MAGISTRATE JUDGE
MICHIGAN ATTORNEY GRIEVANCE   )  ELIZABETH A. STAFFORD
COMMISSION, *et al*.          )
                              )
            Defendants.       )

## BRIEF IN SUPPORT OF NON-PARTY MOTION TO STRIKE, SEAL, AND REDACT PRIVILEGED, CONFIDENTIAL, NON-PUBLIC, IMMATERIAL, IMPERTINENT, SCANDALOUS, AND IMPROPER MATERIAL

### INTRODUCTION

The present motion comes before the Court in a case where Plaintiffs seek to avoid accountability for alleged professional misconduct. Not content to merely attempt to evade accountability, Plaintiffs (and Defendants) also gratuitously violated the confidentiality of privileged Michigan Attorney Grievance Commission ("AGC") files and records and, therefore, Movant's right to confidentiality in the process. The wrongful disclosure of AGC files and records along with Plaintiffs' derivative averments concerning Movant are also immaterial, impertinent, scandalous, and improper and should be stricken, sealed, and redacted pursuant to Fed. R. Civ. Pro. 12(f)(1) and this Court's inherent authority.

1

## MATERIAL FACTS

On April 30, 2024, Michelle J. Kinnucan ("Movant"), *pro se*[1], filed a Request for Investigation ("RFI") with the AGC. The RFI names Plaintiff Susselman as the respondent. The AGC subsequently opened an investigation based upon the RFI, assigning it AGC File No. 12-1244. Movant is, therefore, also the complainant in that investigation. However, Movant is not now and has never been a party to this case.

Plaintiffs reference and identify Movant numerous times in their Complaint and First Amended Complaint ("FAC") as the complainant who filed the RFI.[2] ECF Nos. 1 & 13, *passim*. The RFI is incorporated in its entirety within both the Complaint and FAC as Exhibit 6. ECF No. 1, PageID.97-105; ECF No. 14, PageID. PageID.684-692. In addition to her name, Exhibit 6 also includes Movant's phone number, email address, and signature. ECF No. 1, PageID.98; ECF No. 14, PageID.685.

Susselman filed an Answer, dated August 19, 2024, with the AGC. A copy of the Answer was provided by the AGC to Movant pursuant to Mich. Ct. R.

1. "*Pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings." *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). *Cf. Nixon v. Warner Communications*, 435 U.S. at 598, 599 n.11 (1978).
2. For example, excluding exhibits, Plaintiff's name or surname appears twenty-five times in the FAC alone.

9.113(A). The Answer makes numerous references to Movant by name and is incorporated within both the Complaint and FAC as Exhibit 7. ECF No. 1, PageID.106-158 *passim*; ECF No. 14, PageID. PageID.693-745 *passim*.

In their Motion to Dismiss, Defendants, quoting the Complaint, also reference and identify Movant by name as the complainant in the AGC's investigation of Susselman. ECF No. 11, PageID.477-478 ¶6.

On April 23, 2025, Defendants filed their Motion to Strike or Seal Plaintiffs' Exhibit 14 explaining that "Exhibit 14 attached to Plaintiffs' Complaint included purported Judicial Tenure Commission (JTC) letters against two individuals who are neither parties nor involved in this case." ECF No. 12, PageID.577 ¶7. Contrariwise, as of this writing, the Defendants have not filed a Motion to Strike or Seal any material in the case files derived from or pertaining to AGC File No. 12-1244 or any other AGC investigation referenced in Plaintiffs' pleadings.

Furthermore, in their Response to Defendants' Motion to Dismiss First Amended Complaint, Plaintiffs reference and identify Movant by name as the complainant who filed the RFI. ECF No. 21, PageID.1201, 1210, 1215. Also, in their Response, Plaintiffs include as their Exhibit 1 "an affidavit <u>provided to the [Attorney Grievance] Commission in relation to another grievance</u> filed against Mr. Susselman . . . ." ECF No. 21, PageID.1226 n.5, 1238-1244. (emphasis added).

3

Movant is identified by name as the complainant who filed the RFI in Plaintiffs'

Exhibit 1. ECF No. 21, PageID.1243, ¶19.

## ARGUMENT

Plaintiffs freely admit that their knowledge of Movant's identity and her per-

sonal information is derivative of the AGC's privileged, confidential, and non-pub-

lic investigation of Susselman: "It [i. e., the RFI] had been filed with the [Attorney

Grievance] Commission . . . by an individual named Michelle Kinnucan. Mr. Sus-

selman had never heard of Ms. Kinnucan . . . and he had no idea who she

was . . . ." ECF No. 13, PageID.592.

It would have been a simple matter for Plaintiffs to protect the Movant's con-

fidentiality, as required by Mich. Ct. R. 9.126(A), by redacting her name and other

personal information from their filings in this case. Yet, instead of doing that,

Plaintiffs further concede that they included that material in knowing violation of

the Michigan Court Rules: "Plaintiffs recognize that under MCR 9.126(A), investi-

gations by the [Attorney Grievance] Commission and its staff are 'privileged from

disclosure, confidential, and may not be made public.'" ECF No. 13, PageID.643

¶83.

There is no exception in the Michigan Court Rules permitting Plaintiffs to

breach the confidentiality of an AGC investigation in order to file suit against the

AGC.[3] Moreover, maintaining the confidentiality of complainant identities in attorney disciplinary proceedings serves important ends:

> The purposes underlying confidentiality are obvious. Foremost, the rule serves to protect . . . the complainant from possible recriminations . . . Moreover, removing or unnecessarily qualifying the confidentiality requirement would eliminate many sources of information and reduce complaints received by the Board from lay citizens, litigants, lawyers, and judges. Finally, the rule serves to protect public confidence in the judicial system . . . .

*Doe v. Board of Professional Responsibility*, 104 S.W.3d 465, 472 (Tenn. 2003).

Analogously, the Michigan Supreme Court, discussing judicial disciplinary proceedings, stated:

> [T]he confidentiality provisions . . . protect . . . citizen complainants. If the respondent and others similarly situated were allowed to discover the name of every complainant . . . the free flow of information to the Commission would be curtailed . . . this Court would not want to discourage citizen complainants from voicing their ideas.

*In the Matter of Mikesell*, 396 Mich 517, 534; 243 NW2d 86 (1976). Attorney and judicial disciplinary proceedings are both governed by Chapter 9 of the Michigan Court Rules.

─────────────

3. There are only two exceptions in Mich. Ct. R. 9.126(A): "At the respondent's option, final disposition of a request for investigation not resulting in formal charges may be made public. In addition, any interested person may inspect the request for investigation and the respondent's answer thereto if a disciplinary proceeding has been filed." Neither exception applies here as there has been no "final disposition" of the RFI and, as Plaintiffs acknowledge, "[N]o formal charges have been issued by the [Attorney Grievance] Commission against Mr. Susselman . . . ." ECF No. 13, PageID.641 ¶80.

5

The aims and scope of Mich. Ct. R. 9.126(A) concerning confidentiality should also be interpreted in the light of Mich. Ct. R. 9.102, which states: "Subchapter 9.100 is to be <u>liberally construed for the protection of the public</u>, the courts, and the legal profession and applies to all pending matters of misconduct . . . ." (emphasis added).

Furthermore, Plaintiffs' breach of confidentiality serves no legitimate purpose in their litigation. Defendants declined to deny the allegation that Plaintiffs are the subjects of AGC investigations. ECF No. 18, PageID. 882 n.2, 895 n.4. Thus, the Defendants have conceded that fact. Fed. R. Civ. Pro. 8(b)(6).

In any event, the AGC and the Grievance Administrator have a duty to investigate all allegations of attorney misconduct. Mich. Ct. R. 9.108, 9.109. Hence, even assuming, for the sake of argument only, that Movant submitted the RFI for an improper purpose or due to bias the Defendants would still have a duty to consider and evaluate the allegations of misconduct contained therein on their merits and, if warranted, commence a formal investigation.

Therefore, the inclusion of material derived from the AGC's privileged, confidential files and records adds nothing that could conceivably aid Plaintiffs (or Defendants) in their litigation here and is, thus, both immaterial and impertinent within the meaning of Fed. R. Civ. Pro. 12(f)(1). *Llewellyn-Jones v. Metro Prop.*

6

*Grp., LLC*, 22 F. Supp. 3d 760, 776 (E.D. Mich. 2014) ("Immaterial matter is that which has no essential or important relationship to the claim for relief being pleaded. Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question.") (cleaned up).

Furthermore, Plaintiffs' averments regarding Movant are also calculated to evoke scandal, within the meaning of Fed. R. Civ. Pro. 12(f)(1), and for other improper purposes. *Id*. ("Scandalous generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court.") (cleaned up).

For instance, according to an affidavit submitted to the AGC by Henry Brysk, with the heading "Michigan Attorney Grievance Commission", Susselman breached the confidentiality of AGC files and records by informing Brysk of Movant's name and identity as the complainant. ECF No. 21, PageID.1226 n.5; PageID.1243-1244 ¶19. The fruit of this breach is presented in Plaintiffs' pleadings in a footnote citing hearsay. To wit, Plaintiffs write: "According to Mr. Brysk, Ms. Kinnucan, who at the time was Mr. Kinnucan, had administered a virulently anti-Semitic blog."[4] ECF No. 1, PageID.42 n.2; ECF No. 13, PageID.628 n.2.

---

4. Here, Susselman's immaterial reference to the gendered honorifics "Ms." and "Mr." is obviously intended to evoke scandal and/or gratify spite by abusing this Court to "out" Movant as a transgender person. Inaccurate or not, Susselman's averment improperly infringes on Movant's privacy and safety. *Powell v. Schriver,*

7

Elsewhere, Susselman, in his Answer to the AGC, says: "Ms. Kinnucan is a

political propagandist, with a particular obsession with Israel."[5] ECF No. 1,

PageID.109 n.1. As his authority for the latter claims he cites a federal Freedom of

Information Act lawsuit in which Movant is the plaintiff. However, Susselman

---

175 F.3d 107, 111 (2d Cir. 1999) ("The excru[c]iatingly private and intimate nature
of [gender identity], for persons who wish to preserve privacy in the matter, is re-
ally beyond debate.") *Cf. Bloch v. Ribar*, 156 F.3d 673, 685 (6th Cir. 1998) ("Publi-
cally revealing information [about sexuality] exposes an aspect of our lives that we
regard as highly personal and private.") *See also Grimm v. Gloucester Cty. Sch.
Bd.,* 972 F.3d 586, 610-612 (4th Cir. 2020) (documenting that transgender people
face stigma, discrimination, harassment, and violence because of their gender iden-
tity); Hunter Iannucci, *Erasing Transgender Public Figures' Former Identity with
the Right to Be Forgotten*, 73 FED. COMM. L. J. 259, 263-264 ("Transitioning is
motivated … partly by the fear of being 'found out,' given the vulnerability of
transgender persons to social stigma, discrimination, sexual assault, and physical
attack."); and, German Lopez, *[Cisgender] Women are Getting Harassed in Bath-
rooms Because of Anti-transgender Hysteria*, VOX (May 19, 2016), https://
www.vox.com/2016/5/18/11690234/women-bathrooms-harassment .

As a charter member of the United States Holocaust Memorial Museum, Movant
is, seemingly, an unlikely antisemite. *But see* Itamar Mann & Lihi Yona, *Defending
Jews From the Definition of Antisemitism*, 71 UCLA L. REV. 1150, 1154 (2024)
("[T]he Israeli government and its international allies are ever more forceful in
conflating criticism of Israel with antisemitism in an effort to silence dissident
voices.") *Id*. at 1174 ("The label of antisemitism ... is designed to prevent certain
opinions from being heard.")
5. "'Political propaganda' is ordinarily and commonly understood to mean material
that contains half-truths, distortions, and omissions. To characterize a particular ex-
pression of political ideas as 'propaganda' is to denigrate those ideas." *Keene v .
Smith*, 569 F.Supp. 1513, 1520 (1983), *rev'd sub nom. Meese v. Keene*, 481 U.S.
465 (1987). *See also* the dissent of Justice Blackmun: "The designation 'political
propaganda' is pejorative, denigrating to the material, and stigmatizing to those dis-
seminating it. It simply strains credulity to assert that 'propaganda' is a neutral clas-

points to nothing in that case's record that supports his uncivil and scandalous claims about Movant.

While Rule 12(f) motions are generally discountenanced "the disfavored character of Rule 12(f) is relaxed in the context of scandalous allegations i.e., those that improperly cast a derogatory light on someone." *Asher & Simons, P.A. v. J2 Global Canada, Inc.*, 965 F. Supp. 2d 701, 704 (D. Md. 2013) (cleaned up). Precisely because they are wholly immaterial and impertinent the two examples above and other assertions about Movant, placed in the public record by Plaintiffs, were obviously included solely "to gratify private spite or promote public scandal".

Susselman contends the AGC's investigation of him is antisemitic: "[T]he [Attorney Grievance] Commission's issuance of its Request [for Investigation] . . . violates the Equal Protection Clause because it unconstitutionally targets him . . . because he is Jewish." ECF No. 13, PageID.640. Clearly, by that line of argument, Movant is, to Plaintiffs' minds, likewise antisemitic. Thus, Plaintiffs' targeting of Movant are merely an expansion of their prior spiteful and scandalous attacks upon judges in the underlying federal case and appeals that led to the RFIs. As Defendants put it, "Plaintiffs routinely … categorize the underlying cases' judges and Defendants as antisemitic based on their own bias and irrelevant exhibits." ECF No.

---

sification." *Id.* at 490 (cleaned up).

22, PageID.1360. This Court, therefore, also has the inherent authority to purge this material from the public record on those grounds alone:

> Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes. For example, the common-law right of inspection has bowed before the power of a court to insure that its records are not "used to gratify private spite or promote public scandal" . . . Similarly, courts have refused to permit their files to serve as reservoirs of libelous statements . . . .

*Arthur Krause v. Rhodes*, 671 F.2d 212, 218 (6th Cir. 1982) (citation omitted).

In sum, this Court has ample grounds and authority to grant the relief requested by Movant. "[T]rial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know." *In re The Knoxville News-Sentinel*, 723 F.2d 470, 474 (6th Circ. 1983). Here, likewise, the Movant is a "third party who was not responsible for the initiation of the underlying litigation." *Id*. at 477 (cleaned up). The Movant also "possess[es] a justifiable expectation of privacy that [her] name and [related personal information] . . . not be revealed to the public. [Her] interests in privacy are sufficiently compelling to justify non-disclosure." *Id*. "As noted in *Brown & Williamson*, the 'privacy rights of . . . third parties' are among those interests which, in appropriate cases, can limit the presumptive right of access to judicial records." *Id*. at 478.

## CONCLUSION AND RELIEF REQUESTED

Plaintiffs' continued refusal to abide by the Michigan Court Rules, the Michigan Rules of Professional Conduct, and the Federal Rules of Civil Procedure and the failure of Defendants to protect their own privileged, confidential files and records should not be countenanced by this Court. The instant motion is narrowly tailored to protect the privacy interests of a non-party to the present case and to uphold the confidentiality of privileged AGC files and records that should never have been placed in the record in the first place. For the reasons stated in the motion and this brief in support, Movant respectfully requests this Court for an Order:

1.      Striking and sealing the Complaint (ECF No. 1), the FAC (ECF No. 13 & 14), the Defendants' Motion to Dismiss (ECF No. 11), and the Plaintiffs' Response to Defendants' Motion to Dismiss First Amended Complaint (ECF No. 21); and,

2.      Directing Plaintiffs to refile a) ECF Nos. 1, 13, & 14 with Footnote 2, Exhibit 6, and Exhibit 7 redacted and all remaining occurrences of the Movant's name redacted and to refile b) ECF No. 21 with Exhibit 1 redacted and all remaining occurrences of the Movant's name redacted; and,

3.      Directing Defendants to refile ECF No. 11 with all occurrences of the Movant's name redacted; and,

11

4.     Directing the Clerk of the Court to redact all occurrences of the Movant's name and other identifying information from documents filed in the present case subsequent to ECF No. 21; and,

5.     Directing Plaintiffs and Defendants to refrain from further disclosure, dissemination, or publication of Movant's name and other identifying information in connection with AGC proceedings and the present case; and,

6.     Stating that this Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the Movant filed with the Court.

DATED: June ___, 2025                    Respectfully submitted,

                                         /s/ Michelle J. Kinnucan, *pro se*
                                         2850 NW 56th St., Apt 308
                                         Seattle, WA 98107
                                         agcmi2024@mailbox.org
                                         206-245-8610

12

## CERTIFICATE OF SERVICE

I hereby certify that on June ___, 2025, I electronically filed the above document with

the Clerk of the Court using the *Pro Se* Electronic Document Upload Program, which

will provide electronic copies to counsel of record.

/s/ Michelle J. Kinnucan, *pro se*
2850 NW 56th St., Apt 308
Seattle, WA 98107
agcmi2024@mailbox.org
206-245-8610