UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARC MITCHELL SUSSELMAN et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>ATTORNEY GRIEVANCE COMMISSION et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 25-10660<br>Honorable Shalina D. Kumar<br>Magistrate Judge Elizabeth A. Stafford |

### ORDER DENYING WITHOUT PREJUDICE NON-PARTY'S MOTION FOR LEAVE TO FILE MOTION UNDER SEAL (ECF NO. 24) AND ADDRESSING COMMUNICATIONS WITH THE COURT

Plaintiffs Marc Susselman and Martin Leaf sued defendants Michael Goetz and the Attorney Grievance Commission alleging violations of their First and Fourteenth Amendment rights. ECF No. 13. Non-party Michelle Kinnucan ("Kinnucan") moves for leave to file her motion to "strike, seal, and redact privileged, confidential, non-public, immaterial, impertinent, scandalous, and improper material" under seal. ECF No. 24. She argues that her personal and private information contained in the case documents bear no relevance to the action, are included by plaintiffs to evoke scandal, and should be stricken. *Id.*

Courts "have always been afforded the power to seal their records" under certain circumstances. *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983) (collecting cases); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (holding that courts maintain "supervisory power over [their] own records and files"). This power is reflected in the Federal Rules of Civil Procedure and the Eastern District of Michigan's Local Rules. *See* Fed. R. Civ. P. 5.2(d) ("The court may order that a filing be made under seal without redaction."); E.D. Mich. LR 5.3(b). Local Rule 5.3(b)(3)(A) outlines the steps that a party must take to request authorization to file materials under seal. E.D. Mich. LR 5.3(b)(3)(A).

In the Sixth Circuit, there is a strong presumption that records filed with the court must be open. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). "The burden of overcoming that presumption is borne by the party that seeks to seal them." *Id*. The presumption can be overcome if a party shows "a compelling reason why certain documents or portions thereof should be sealed [and that] the seal itself [is] narrowly tailored to serve that reason." *Id*. "The proponent of sealing . . . must analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id*. at 305–

06 (internal citation and quotation marks omitted). "Only the most compelling reasons can justify non-disclosure of judicial records." *Id*. at 305 (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d at 476).

"[A] district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Id*. at 306 (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1176 (6th Cir. 1983)). "[A] court's obligation to explain the basis for sealing court records is independent of whether anyone objects to it." *Id*. "And a court's failure to set forth those reasons—as to why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary— is itself grounds to vacate an order to seal." *Id*.

Kinnucan's motion does not provide "for *each* proposed sealed exhibit or document, a detailed analysis, with supporting evidence and legal citations, demonstrating that the request to seal satisfies controlling legal authority." *See* E.D. Mich. LR 5.3(b)(3)(A)(iv) (emphasis added). Generally, "'[i]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim

of a sexual assault),' is typically enough to overcome the presumption of access." *Shane Grp., Inc.*, 825 F.3d at 308 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002).

Kinnucan has not met her burden to overcome the presumption of access. Her conclusory arguments and reliance on Michigan state law have not provided the Court with a compelling reason why her motion should be filed under seal, and the Court is unable to set forth specific findings justifying nondisclosure to the public. Additionally, the Court has no basis to find that Kinnucan's motion to seal is no broader than necessary. While Kinnucan is correct in her assertion that pro se filings are to be liberally construed, pro se parties are not exempt from following the procedural rules and law that govern the case.

For the reasons set forth above, Kinnucan's motion (ECF No. 24) is **DENIED WITHOUT PREJUDICE**. Any refiled motion must properly address the *Shane Group* factors and comply with the Federal Rules of Civil Procedure and the Eastern District of Michigan's Local Rules.

Furthermore, while the Court appreciates that Kinnucan is appearing in this matter without counsel, her emails to Chambers' staff are prohibited *ex parte* communication and must desist. Pursuant to this Court's Practice

Guidelines, Kinnucan "may contact the Case Manager, or Paralegal, regarding procedural and scheduling matters *only*." (emphasis added). Any relief she seeks **MUST** come in the form of a motion. Any communications received that fall outside of these parameters will not receive a response.

Finally, the Court directs Kinnucan's attention to the **Representing Yourself** tab on the Court's website, www.mied.uscourts.gov, and encourages her to seek assistance from either the Clerk's Office Pro Se Case Administrator, or the U of D Mercy Law School Federal Pro Se Legal Assistance Clinic. Information for these resources is available under the **Court Related Assistance** tab.

**IT IS SO ORDERED.**

Dated: July 10, 2025

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge